[Crim. No. 283.   Department One.—May 21, 1897.]

# THE PEOPLE, RESPONDENT, v. J. J. McCARTY, AP-PELLANT.

CRIMINAL LAW—EXCLUSION OF WITNESSES.—It is within the discretion of the court during the trial of a criminal case, to allow a particular witness to remain in the courtroom during the examination of the witnesses, the other witnesses being excluded.

ID.—BURGLARY—TIME OF COMMISSION.—In a prosecution for burglary, where the evidence shows the act to have been committed between sometime in the afternoon of a particular day and the following midnight, a conviction of burglary of the first degree will not be disturbed on appeal.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial.   B. N. SMITH, Judge.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss*, and *Davis & Mott*, for Appellant.

*W. F. Fitzgerald*, *Attorney General*, and *W. H. Anderson*, *Assistant Attorney General*, for Respondent.

GAROUTTE, J.—The defendant was convicted of the crime of burglary in the first degree, and appeals from the order denying his motion for a new trial.

There was no error committed by the court in allowing the witness, Auble, to remain in the courtroom during the examination of witnesses.   The exclusion of witnesses during the time in which the evidence is being placed before the jury is a matter largely in the discretion of the trial court.   No abuse of that discretion is disclosed here.   (*People* v. *Hong Ah Duck*, 61 Cal. 387.)

It is contended that the evidence is insufficient to support the verdict of burglary in the first degree, the claim being that if a burglary was committed the act was done in the daytime, and therefore burglary of the second degree.   The defendant and others constructed a tunnel some one hundred and twenty feet in length

from the cellar of a certain saloon to a point immediately beneath the floor of a certain bank building in the city of Los Angeles, for the purpose of committing larceny. Upon the day set for the actual entry through the floor into the building the defendant and his confederates, sometime during the. afternoon, entered the cellar, one of them emerging therefrom at seven o'clock P. M., for the purpose, he stated, of securing fresh air. The others came out of the cellar at twelve o'clock that night. The burglary was committed by these men at some time during these hours. The finding of the jury on this question was a matter peculiarly within its province; and upon this evidence the court will not disturb the verdict in this regard.

Again, it is contended that there is not sufficient evidence corroborating the testimony of the accomplice, Jones. Without reciting the corroborating evidence disclosed by the record, it is sufficient to say we are entirely satisfied with it. It is ample to fill the demands of the statute, and, taking all the evidence together, defendant's guilt is plainly apparent. There is no merit in the remaining points made in defendant's brief.

For the foregoing reasons the order appealed from is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.