[Crim. No. 3400. Second Appellate District, Division One.—December 13, 1940.]

THE PEOPLE, Respondent, v. FREDERICK W. HELSLEY, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellant was charged in an information containing four counts with the crime of burglary. He entered a plea of "guilty" as to Counts 3 and 4 and applied for probation. The court denied the application for probation and found the crimes to be burglary of the first degree as to these two counts. Counts 1 and 2 were dismissed in the interest of justice.

This appeal is prosecuted from the judgments of conviction and relates particularly to the order fixing the crimes as burglary of the first degree.

Stipulations were entered into for the purpose of fixing the degree of the crimes as follows: As to Count 3: "The Court: According to the probation officer's report, Count 3 charges that some time between the hours of 2:00 A. M. and 6:00 A. M. on the 6th day of September, 1939, the defendant burglariously entered the residence of Emil Rinus, 1288½ West 39th Street, Los Angeles, while Mr. Rinus was sleeping in bed, and he stole about $35.00 in cash from a purse belonging to Mrs. Rinus, entrance being gained through the front window after a screen had been cut and the catch broken. The money was removed from a table in the front part of the house. Is it stipulated those are the facts as to this burglary, for the purpose of fixing the degree?

"Mrs. Root: I will so stipulate.

"Mr. Barnes: So stipulated."

With respect to Count 4: "The Court: In Count 4 it is charged that at some time between the hours of 3:00 and 6:00 A. M. on the 1st (3rd) day of September, 1939, the residence of one Ileen Bleick, 1191 West 39th Place, in Los Angeles, was burglarized by the defendant, entrance being gained through an open rear door, and a purse was stolen off of a davenport while Miss Bleick was in bed asleep in the bedroom, $15.00 in cash being stolen. Is it stipulated those are the facts for the purpose of fixing the degree?

"Mrs. Root: So stipulated.

"Mr. Barnes: So stipulated."

It is here contended by appellant that the judgment of burglary of the first degree is contrary to the law and the evidence for the reason that the sun arose on September 9, 1939, at 5:28 A. M., and at 5:30 A. M. on September 6th, and so far as is shown by the record the entry could have been made after sunrise, thus constituting the offenses burglary in the second degree.

Outside of the stipulations hereinbefore set forth, there is nothing in the record which throws any light on the subject except the following statement of appellant's counsel made in her appeal to the court "to find the degree to be the second degree, because there was a question at the time of the preliminary, whether or not the burglary occurred between night-

time and day-time, as the people awakened some time around 8:00 o'clock in the morning; and certainly the benefit of the doubt as to second degree should inure to the benefit of the defendant.''

However, it will be noted that these two burglaries occurred in a heavily populated residential district in the city of Los Angeles, while the occupants of the respective houses which were burglarized were sleeping. Entrance in one case was gained through a front window after the screen had been cut and the catch broken, and in the other entrance was made through a rear door. It was stipulated that the offenses were committed some time prior to 6 o'clock on the two mornings in question, therefore, in the four-hour period between 2 and 6 o'clock in the morning of September 6th, there were three hours and thirty minutes before sunrise and only thirty minutes after; and in the three-hour period between 3 and 6 o'clock on the morning of September 3d, there were two hours and twenty-eight minutes before the sun arose, and only thirty-two minutes after sunrise.

In the case of *People* v. *Ross*, 61 Cal. App. 61 [214 Pac. 267], appellant therein was convicted of burglary in the first degree, in that he broke a glass show-window in a jewelry store in San Francisco and took therefrom eight strings of pearls valued at several thousands of dollars, between the hours of 6:15 o'clock (after sunset) January 19, 1922, and some time prior to 8:30 o'clock (one hour and seventeen minutes after sunrise) on the following morning. In the cited case appellant contended that the evidence was insufficient to sustain a verdict of guilty of burglary in the first degree, committed during the period ''between sunset and sunrise''. The court held that since ''the store where the burglary was committed is located at a corner of two of San Francisco's principal business streets'', it was a reasonable inference for the jury to draw from the evidence that the crime was committed in the ''night-time'' rather than in the ''day-time''; that ''consummation of the crime after sunrise would have necessitated breaking the window and taking the pearls in full view of passing pedestrians. The conclusion is obvious that the crime was committed at dead of night. (*People* v. *Shafer,* 161 Cal. 573 [119 Pac. 920].)''

Again, in *People* v. *McCarty,* 117 Cal. 65 [48 Pac. 984], it was urged that the evidence was insufficient to support the

verdict of burglary in the first degree, under the following facts: "The defendant and others constructed a tunnel some one hundred and twenty feet in length from the cellar of a certain saloon to a point immediately beneath the floor of a certain bank building in the city of Los Angeles, for the purpose of committing larceny. Upon the day set for the actual entry through the floor into the building the defendant and his confederates, some time during the afternoon, entered the cellar, one of them emerging therefrom at seven o'clock P. M., for the purpose, he stated, of securing fresh air. The others came out of the cellar at twelve o'clock that night. The burglary was committed by these men at some time during these hours. The finding of the jury on the question was a matter peculiarly within its province; and upon this evidence the court will not disturb the verdict in this regard."

In the circumstances presented by the instant prosecution, it was a reasonable conclusion for the trial court to make that the appellant would hardly take the risk of breaking into these buildings in a heavily populated residential district in broad daylight, and that therefore the offenses here charged were consummated between "sunset and sunrise", constituting them burglary in the first degree.

Although no mention is made thereof in respondent's brief, and appellant makes only casual reference thereto, it is shown by the record that after the judgment herein was pronounced on August 1, 1940, and appellant had given oral notice of appeal therefrom, the trial court purported to vacate and set aside such judgment, as well as the pleas of guilty theretofore entered by appellant as to Counts 3 and 4, that it re-established appellant's pleas of not guilty to said counts, and re-set the cause for trial as of September 16, 1940. In making said order vacating and setting aside the judgment, the trial court made the following statement: "I think, in view of the stipulation, there is no question in the world in the court's mind as to this matter, but there may be a technicality based on the question of time, it being 6:00 A. M. in the morning, as to whether the sun had come up by that time or not, if the defendant wants to stand on that, in view of his stated attitude, I am inclined to agree with the District Attorney that he had better be tried on these issues and have evidence presented to a court." Apparently, the failure to present these facts in the briefs was on the theory that the order of

the trial court purporting to vacate and set aside said judgment was void.

The effect of an appeal is to remove from the jurisdiction of the trial court the subject matter of the judgment or order appealed from, and it therefore has no power to vacate or set it aside. (14 Cal. Jur. 1017.)

"The appeal having been regularly taken, its effect was to transfer the cause to the (appellate) court and to suspend the power of the trial court pending such appeal to vacate the judgment. (*Parkside Realty Co.* v. *McDonald,* 167 Cal. 342 [139 Pac. 805]; *Kinard* v. *Jordan,* 175 Cal. 13 [164 Pac. 894]; *Crawford* v. *Meadows,* 55 Cal. App. 4 [203 Pac. 428]; *Jackson* v. *Dolan,* 58 Cal. App. 372 [208 Pac. 315].)" (*California Real Estate Exchange* v. *Sequoyah Hills Co.,* 75 Cal. App. 695, 696 [243 Pac. 54].)

For the reasons stated, the judgments appealed from are, and each of them is, affirmed.

Doran J., and White, J., concurred.