[Civ. No. 16312.   Second Dist., Div. One.   July 14, 1948.]

IRVING WOLAS, Appellant, v. CRESCENT COMMERCIAL CORPORATION (a Corporation), Respondent.

Aaron Sapiro for Appellant.

Don Lake for Respondent.

YORK, P. J.—This is an appeal by plaintiff from a judgment entered against him after the court had sustained defendant's demurrer to the second amended complaint without leave to amend, in an action for declaratory relief.

Said second amended complaint alleges that on May 14, 1946, by virtue of a written contract, defendant agreed to sell and plaintiff agreed to buy 1,800 cases of beer, delivery to be made in 18 equal monthly installments and the sale price thereof to become due upon delivery; the first installment to be delivered in June, 1946, and the last installment in November, 1947; defendant to acquire the beer from time to time as might be necessary to enable it to fulfill its obligation under said agreement;

That on said date, May 14, 1946, plaintiff deposited with defendant $1,800 "as a cash deposit, to be held by the defendant corporation by way of bond or guaranty and to be credited against the sale price, upon consummation of the sale; said deposit being made in accordance with the following provision printed on the back of the order constituting the aforesaid written agreement:

" '2. The Seller hereby acknowledges receipt from the Buyer of the sum of $1800.00 . . . as a deposit at the rate of One Dollar per case to be applied as against the total cost of the merchandise purchased. In the event the Buyer fails to make the payments for the merchandise purchased herein or does not perform as herein provided, or does not accept shipment of said merchandise, then the aforesaid deposit paid by

Buyer shall be retained by Seller for its agreed cost and expense incurred herein. Pending delivery of the merchandise herein purchased, Seller hereby agrees to pay to Buyer 5% interest, per annum, on the deposit hereinabove mentioned, such interest to be paid quarterly. As deliveries are made the amount of deposit shall be decreased in accordance with this agreement and interest shall be paid only on the amount remaining in the hands of Seller.'

"And that the said sum of $1800.00 did not at any time become the property of defendant corporation free from claim of plaintiff, but that the said fund remained the money and property of plaintiff at all times and that the possession of defendant corporation was solely as a mere depositary and as a Trustee for plaintiff; and that the said sum of money was to be returned to plaintiff upon any failure by defendant to perform its obligations under the terms of the said agreement; and that the said sum of $1800.00, as a deposit, was to be held in trust for plaintiff, and was required to be held by defendant corporation available for return to plaintiff at all times, in the event of non-compliance with or non-completion of the said contract."

It is further alleged that defendant delivered 550 cases of beer and plaintiff received a credit for $550 against the cost price thereof;

That on July 26, 1946, plaintiff deposited with defendant $1,800 under the same terms and conditions as above set forth; "and that no deliveries of beer were made at any time under the said second agreement and that plaintiff has received no credit of any kind and no return of funds out of the said second deposit."

That on December 26, 1946, plaintiff and defendant executed three separate documents, modifying the previous agreements, by extending defendant's time of performance as to the delivery of beer and further providing that all deposit moneys would remain with defendant without payment of interest; that the first of these three said documents entitled "Modification of Contract to Sell" contained the following provision: "Be it therefore agreed between the parties that the time for performance . . . be hereby extended to September, 1947, and that from and after the date of this agreement, interest . . . on the deposit monies in the amount of $1,300.00 now held by the Seller to the credit of the Buyer, shall cease and are hereby waived by the Buyer; and, the Seller hereby agrees to refund said moneys now on deposit with the Seller,

to the Buyer, upon the payment of the total cost of the merchandise herein purchased.'' That the second modification agreement referred to a deposit of $1,500 and the third to a deposit of $250, the three modification agreements covering a total of $3,050, ''as sums admitted by defendant corporation being held by it as deposit moneys to the credit of plaintiff at said date, December 26, 1946. . . .''

That defendant has delivered 550 cases of beer to plaintiff under said agreements and that ''plaintiff has paid defendant corporation in full therefor, in accordance with the terms of the aforesaid agreements; and that, at all times, plaintiff has performed all of the obligations incumbent upon him by reason of the said purchase orders and by reason of the said 'Modifications'; and that he has fully paid for all merchandise delivered to him thereunder; and has accepted shipment of all merchandise ordered and actually delivered under said purchase orders; and that the deposits made by him under the said purchase orders have not been repaid to him or withdrawn by him up to the date hereof and that, in accordance with the said agreements, the said moneys were required to be held by defendant corporation and were required to be available for repayment to the plaintiff at any time thereafter.''

That ''when and as the said moneys were received by said defendant . . . (it) was obligated to hold such funds on hand constantly for the benefit of plaintiff; but that the defendant did not keep the moneys on hand or deposit the same as a trust fund or otherwise in this vicinity or elsewhere; but that the defendant . . . utilized the said funds, together with similar funds from other persons, and other funds of the defendant corporation, in the purchase of a brewery located outside of the State of California, and thereby subjected said funds to the hazard of loss or diminution by reason of such investment, all without the knowledge or consent of the plaintiff herein; and that the said use of the said funds and the investment of the said moneys of plaintiff in physical properties outside of the State of California constituted a violation and breach of all of the aforesaid agreements and constituted a violation of the obligation of defendant corporation as the holder of such funds on deposit.''

That on May 20, 1947, plaintiff demanded a return of the said funds from defendant, which has refused to return or repay said money or any part thereof; and that the entire sum of $3,050 is now due, owing and unpaid from defendant to plaintiff.

That by reason of the foregoing, "a dispute and actual controversy have arisen" between the parties "with respect to the said deposits and the rights, responsibilities and duties and legal obligations of the parties hereto under the said agreements and transactions.

"That the said dispute and controversy more particularly consists of the following points:

"(1)  Plaintiff contends that the said funds were in the nature of trust funds and were required to be held and kept by defendant corporation on deposit as a special trust fund, belonging to plaintiff and other persons like plaintiff; and that defendant corporation has no right or power to invest the said moneys or any portion thereof in any real property or in any other business whatsoever, particularly in any business that was and is attended with commercial risk and obligations.

"(2)  Defendant corporation denies that it was required to keep the said moneys on hand and contends that it had the right and privilege to use said moneys for any of these purposes, within its discretion."

Wherefore, plaintiff prays that the court make a declaration of the rights, obligations and duties of the parties (1) that defendant restore to plaintiff the sums of money paid to it as deposits; (2) that the agreements between the parties be cancelled and annulled because of violation of rights of plaintiff by defendant in the improper use of said deposits; (3) that defendant be ordered to pay to plaintiff the sum of $3,050, with interest from May 20, 1947.

Defendant's demurrer was made upon the following grounds: (1) that said complaint does not state facts sufficient to constitute a cause of action; (2) "That plaintiff's cause of action is apparently based upon a claim that advanced payments upon the purchase of merchandise were to be held in trust. No such arrangement appears in the contract, therefore, no cause of action can be stated, and request is hereby made that the demurrer be sustained without leave to amend."

Section 1060 of the Code of Civil Procedure known as the declaratory relief statute provides:

"Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the

premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. . . .''

To state a cause of action for declaratory relief under the quoted section, one invoking the remedy must allege facts from which the court may determine that an actual controversy relating to the legal rights and duties of the respective parties exists. (*Lord* v. *Garland,* 27 Cal.2d 840, 851 [168 P.2d 5].) Again in *Columbia Pictures Corp.* v. *DeToth,* 26 Cal. 2d 753, 760 [161 P.2d 217, 162 A.L.R. 747], the rule is stated: ''A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that these rights and duties be adjudged by the court. (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, and cases cited p. 728 [146 P.2d 673, 151 A.L.R. 1062].)''

In *Maguire* v. *Hibernia S. & L. Soc., supra.,* the following appears at page 728: ''Plaintiffs contend that the trial court erred in sustaining a demurrer to the complaint for want of facts. A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court. [Citation of authorities.] Both the first and second counts of the complaint herein allege that the existence in plaintiffs or their predecessor of the rights asserted by them is denied by defendants and that defendants intend to convert the reserve fund into capital stock and distribute the same in disregard of plaintiffs' claimed rights; both counts set forth the written instruments upon which plaintiffs base their controverted claims and pray for a judicial construction thereof. The complaint, therefore, shows that there is an actual controversy relating to the legal rights and duties of the respective parties.''

In *Coast Counties Real Estate etc. Co.* v. *Monterey County W. W.,* 96 Cal.App. 269, 277, 280 [274 P. 415], wherein plaintiff alleged it had deposited with defendant a sum of money to be held by the latter as a guarantee that a cer-

tain venture, to wit: a water system operated by defendant would become a paying investment, and upon the happening of such event the money was to be repaid; it being further alleged that defendant claimed it was not obligated to return such deposit, the court stated:

"The word 'deposit' in itself conveys the idea of a conditional delivery and is universally so understood. . . . Under the contract as pleaded the money was held by defendant purely by way of bond or guarantee and at no time became the property of defendant free from claim of plaintiff. At all times it remained the money of plaintiff and the possession of defendant was as a trustee for plaintiff, or else as a mere depositary."

An analysis of the allegations of the instant complaint discloses an actual controversy between the parties regarding the deposit delivered to respondent by appellant. It is alleged that this deposit is in the nature of a trust fund which respondent is required to hold under the terms of the written agreements subject to the obligation to return it to appellant under certain circumstances; but that contrary thereto respondent has invested it in a commercial enterprise without the consent of appellant. The complaint herein is sufficient as against the interposed demurrer since it sufficiently alleges an actual controversy relating to the legal rights and duties of the parties with respect to said deposit.

For the reasons stated, the judgment appealed from is reversed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied August 10, 1948, and respondent's petition for a hearing by the Supreme Court was denied September 8, 1948.