THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ RIVERA VÉLEZ, Defendant and Appellant.

No. 13341.  Argued November 1, 1948.—Decided November 9, 1948.

*Mario Báez García* for appellant.   *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On February 13, 1947 José Rivera Vélez was sentenced to serve two months' imprisonment for the offense of carrying weapons.[1]   On that same day the defendant appealed to this Court from said judgment.   Subsequently the defendant filed in the lower court a motion for reconsideration.[2]   The court, in deciding this motion, stated that it declared itself "without jurisdiction because the defendant had appealed to the Supreme Court from the judgment rendered against him."

Appellant alleges herein that the lower court erred in weighing the evidence and that it committed passion, prejudice and partiality in deciding the case and in failing to decide the motion for reconsideration and declaring itself without jurisdiction.

The evidence presented by the parties was contradictory.   That for the prosecution, which was believed by the court, is sufficient to support the conviction.   We find nothing in the record to warrant the charge made by the appellant to the effect that the court acted with passion, prejudice and partiality.   *Ex Parte Detrés,* 67 P.R.R. 355; *People* v. *Pérez,* 65 P.R.R. 555.

As to the second assignment, although our Code of

---

[1] The case had been submitted on the same evidence introduced in a trial had against the same defendant for the crime of attempt to kill.

Criminal Procedure has no provision authorizing a motion for reconsideration, we have no doubt that as in civil proceedings, said motion, if proper, must be presented before taking an appeal to this Court, for otherwise the lower court lacks jurisdiction to dispose of it.[3]

■ Once the appeal is taken the lower court loses its jurisdiction over the case except in those incidents authorized by law tending to perfect the appeal. It has been so decided in California in *People* v. *Helsley*, 108 P. 2d 97, 99, (1940) where it says: "The effect of an appeal is to remove from the jurisdiction of the trial court the subject-matter of the judgment or order appealed from, and it therefore has no power to vacate or set it aside." We have reached the same conclusion in this Court with respect to a motion for a new trial or to set aside the judgment filed after an appeal has been taken therefrom. *People* v. *Méndez*, 67 P.R.R. 772, and on reconsideration on page 777.

The judgment is affirmed.

---

[2] Although it appears from the record that the motion for reconsideration is dated February 11, 1947, the appellant admits in his brief that the date is mistaken and adds that he filed said motion after the appeal was taken.

[3] *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289.