[Civ. No. 17108. Second Dist., Div. Two. Nov. 7, 1949.]

CHARLES INGRAO et al., Respondents, v. HARRY KARSTEN et al., Appellants.

A. G. Van Deventer for Appellants.

Leonard Wilson and Leader & Leader for Respondents.

WILSON, J.—This is an action for declaratory relief, to quiet title, for specific performance and for a restraining order. From a judgment in favor of plaintiffs, defendants appeal.

It is defendants' contention that (1) the superior court was without jurisdiction over the action by reason of the pendency of an appeal from an order denying a motion to vacate, recall

and quash a writ of execution in a previous case, and that the issues were the same as those in the instant action; (2) the complaint does not state facts sufficient to constitute grounds for the relief sought; (3) the court erred in denying defendants' motions to exclude testimony and to strike all testimony adduced by plaintiffs; (4) the court erred in denying defendants' motion for nonsuit; (5) the evidence does not support the findings.

Since the instant action was tried the appeal from the order denying the motion to quash the writ of execution in the prior action has been determined. (*Ingrao* v. *Karsten,* 90 Cal.App.2d 229 [202 P.2d 616].) All the facts relating to the background of the case before us are fully set forth in that opinion, to wit, the dispute between the Ingraos and the Karstens leading to the filing of two actions; the subsequent agreement executed on July 31, 1947, settling their differences; the opening of an escrow pursuant to the agreement and the amendment thereto, and the judgments entered September 2, 1947, incorporating the agreement and directing the parties to perform their promises thereunder and further providing that Catherine Ingrao recover from the defendants $15,000 payable $10,000 on or before September 12, 1947, and $5,000 on or before November 1, 1947.

On October 27, 1947, the defendants in the above cited action having failed to pay the $10,000 as provided in the judgment, it was ordered that execution issue. Defendants thereupon moved to vacate, recall and quash the writ of execution and when their motion was denied, appealed. (*Ingrao* v. *Karsten, supra.*) While the appeal was pending plaintiffs filed the instant action on August 4, 1948.

It is alleged in the complaint that the agreement and judgments in the previous actions provide that Catherine Ingrao at her election might pay two obligations, one in the amount of $15,800, which was an encumbrance against the so-called Venetian Dining Room property, and the other in the sum of $19,000 which was secured by collateral in the form of securities belonging solely to Catherine Ingrao; that in the event she did pay those obligations the agreement and judgments provide that defendant Florence Karsten should execute her note or notes in the total amount of $34,800 secured by appropriate first trust deeds covering the Venetian Dining Room property; that the two obligations referred to were paid and satisfied by Catherine Ingrao but that defendant Florence Karsten has refused to execute the notes although demand has

been made upon her; that on October 16, 1947, contrary to the provisions of the agreement and the judgments Florence Karsten executed a trust deed note in the amount of $26,000 to her mother, defendant Montana, the trust deed conveying the Venetian Dining Room Property; that no consideration was paid by the beneficiary Montana and the deed was executed in order to defraud plaintiff Catherine Ingrao and to make it impossible for Florence Karsten to execute a first trust deed to Catherine Ingrao; that it was agreed between Florence Karsten and her mother that no payments would be made on the trust deed note so that Mrs. Montana might declare a default; that no payments were made on the note whereupon Mrs. Montana gave notice to the trustee under the deed of trust of her election to sell and foreclose. Before the trustee's sale took place the complaint in the instant action was filed.

Defendants' contention that the trial court did not have jurisdiction to proceed in the matter before it because of the pendency of an appeal in the action involving the writ of execution is without merit. When an appeal is perfected it stops all further proceedings in the court below upon the judgment appealed from or upon matters embraced therein. However, the superior court may proceed upon any other matter covered by the action and not affected by the order appealed from. (Code Civ. Proc., § 946; *San Francisco Gas etc. Co.* v. *Superior Court,* 155 Cal. 30, 33 [99 P. 359, 17 Ann.Cas. 933].)

The appeal in question arose out of the superior court actions in which the judgments had become final. The only questions before the appellate court were (1) whether there was a material difference between certain of the terms of the agreement of July 31, 1947, and the subsequent judgments which incorporated the agreement, and (2) whether the obligation of the Karstens to pay the remaining sum of $15,000 to the Ingraos was in any way dependent upon the latters' paying or refinancing the two obligations for $15,800 and $19,000 respectively. Both of these questions have been determined adversely to defendants by division one of this court.

It is obvious that the issues involved in the instant case are not the same as those in the action then on appeal, nor are they affected by the order appealed from. Moreover, plaintiffs in their brief have cited the petition for writ of prohibition in Civil No. 16786, filed in this court by defendants at the conclusion of the trial of this case, by which they

sought to prohibit the trial court from signing the findings and the judgment. In their petition defendants set forth in substance the allegations of the complaint and the answer and the proceedings in the trial court. The ground upon which defendants based their petition was the same as that now being urged, namely: That the superior court was without jurisdiction to hear the matter. The petition for a writ of prohibition was denied by this court on October 27, 1948, and defendants' petition for a hearing in the Supreme Court was denied on December 23, 1948. The question of the jurisdiction of the superior court in this matter is, therefore, res judicata.

 Defendants contend that plaintiffs were in default because they had failed to pay the two obligations through the escrow as agreed in the amended escrow instructions. Whether they were paid through escrow or outside of escrow is immaterial. The Karstens were obligated to pay or refinance the $19,000 loan and the Venetian Dining Room property (which under the terms of the agreement of July 31, 1947, and the judgments incorporating that agreement was conveyed to Florence Karsten) was subject to a first trust deed in the amount of $15,800. Catherine Ingrao had the option of paying or refinancing both obligations in which event the Karstens agreed to execute a note secured by a first trust deed on the Venetian Dining Room property. Thus the Karstens were required either to pay the obligations themselves or to reimburse Catherine Ingrao in the event she paid them. Catherine Ingrao elected to pay both obligations and upon such payment was entitled to the trust deed note as provided in the agreement and the judgments. The Karstens were in no worse position because they were paid outside of escrow. Their liability remained the same.

 Defendants' next ground of objection that the complaint does not state a cause of action and that the court therefore erred in denying their motion for a nonsuit and their motion to exclude testimony is also untenable. A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court. (Code Civ. Proc., § 1060; *Maguire* v. *Hibernia Savings & Loan Society*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062], and cases cited.) The complaint alleges that a controversy exists between the parties relating to their legal rights and duties under the agreement of July

31, 1947, and the judgments which incorporated the agreement and directed that the parties comply with their mutual promises thereunder. The allegations are sufficient to satisfy the requirements of the statute.

Plaintiffs' second cause of action is one to quiet title. It is alleged in the complaint that under the agreement of July 31, 1947, and the judgments incorporating the agreement title to certain real property is in plaintiffs but that defendants have refused to execute deeds as agreed and as directed by the judgments. Plaintiffs contend this action deals primarily with three parcels of property designated as A, B, and C, although they also allege in their complaint that Catherine Ingrao is by virtue of a sheriff's sale the owner of and entitled to possession of the Venetian Dining Room property. Defendants by their answer as amended admit they have no interest in Parcels A. B, and C. Their argument as to the sufficiency of the cause of action is directed solely to the Venetian Dining Room property. The prayer in the complaint seeks only a decree quieting title to the three parcels and the findings and judgment with respect to defendants' right, title and interest is limited to Parcels A. B, and C.

Plaintiffs by their third cause of action seek a decree ordering the Karstens to execute and deliver to plaintiffs their note in the amount of $34,800 secured by a first deed of trust on the Venetian Dining Room property. Defendants having failed to comply with the terms of their agreement and the decree, the action was properly brought and the allegations in the complaint are sufficient. Defendants' argument that plaintiffs by their action are seeking to compel in a separate action "the performance of the terms of a judgment of a sister court, of co-equal jurisdiction at a time when an appeal was alleged to be pending" is fallacious. There was no appeal from the judgments incorporating the agreement of the parties which plaintiffs seek to enforce specifically and those judgments are final. Furthermore, the issues involved in the instant action are not the same as those in the action which was then on appeal, and would not be affected by a determination thereof.

Whether or not plaintiffs would have been entitled to a temporary restraining order is a moot question since there is nothing in the record to indicate that such an order was ever issued.

Defendants' contention that the court erred in over-

ruling their objection to the introduction of evidence is untenable in view of the conclusions reached, as above stated, that (1) the court had jurisdiction to hear the matter, and (2) the complaint states facts sufficient to constitute grounds for the relief sought.

Defendants urge that the trial court erred in denying their motion for a nonsuit. However, a review of the record discloses that plaintiffs sustained the burden of proof required of them and introduced sufficient evidence to constitute a prima facie case.

Defendants' motion to strike all the evidence introduced on the part of plaintiffs at the conclusion of the trial was upon the same grounds raised in their objection to the introduction of evidence, namely: Lack of jurisdiction and that the declaratory relief sought was not the proper remedy. For the reasons hereinabove stated the argument is without merit.

Defendants' final contention is that the findings are not supported by the evidence. The majority of the findings of which defendants complain are of facts upon which the evidence is conflicting. It is settled law that where a conflict in the evidence exists the findings of the trial court are conclusive. (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777, 779 [163 P.2d 756], and cases cited.) There is substantial evidence to support the findings that Florence Montana paid inadequate consideration for the deed of trust; that such deed was executed and given by Florence Karsten wrongfully and without right so that she would be unable to comply with the terms and conditions of the agreement of July 31, 1947, and the provisions and orders of the judgments incorporating that agreement; that Florence Montana and Florence Karsten conspired to defraud plaintiff Catherine Ingrao; that Catherine Ingrao paid the two obligations in the amount of $15,-800 and $19,000; that defendant Florence Karsten had refused after demand to execute her note in the amount of $34,800 or to fulfill her promises contained in the agreement or to comply with the terms and orders of the superior court; that the judgments were in conformity with the agreement.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.