[Civ. No. 17559.   Second Dist., Div. Two.   May 1, 1950.]

CATHERINE A. McKENNA, Appellant, v. L. V. McCARDLE, as City Treasurer, etc., et al., Respondents.

Catherine A. McKenna, in pro. per., for Appellant.

Ray L. Chesebro, City Attorney, Spencer L. Halverson, Deputy City Attorney, for Respondents.

WILSON, J.—Motion to dismiss appeal from order dismissing, pursuant to subdivision 3 of section 581 of the Code of Civil Procedure, a petition for writ of prohibition for failure to file an amended petition after demurrer to the

petition has been sustained. The motion must be granted on two grounds.

1. A writ of prohibition lies only to arrest the proceedings of a tribunal, board or officer exercising judicial functions when such proceedings are without or in excess of its or his jurisdiction. (Code Civ. Proc., § 1102; *Whitten* v. *California State Board of Optometry,* 8 Cal.2d 444 [65 P.2d 1296, 115 A.L.R. 1].) The petition is directed to the city treasurer to prevent him from conducting proceedings for the sale of property for nonpayment of street improvement bonds. In so doing he was not exercising judicial functions but was acting in a ministerial capacity. Hence a writ of prohibition would not lie against him. An appeal will be dismissed when it appears from a mere examination of the judgment roll that appellant has no cause of action or that the appeal is frivolous. (*Sonoma Magnesite Co.* v. *National Magnesite Products Corp.,* 189 Cal. 433 [208 P. 962]; *Scarpel* v. *East Bay Street Railways, Ltd.,* 42 Cal.App.2d 32 [115 P.2d 862].) Since such examination demonstrates that appellant, in seeking a writ of prohibition, has attempted to pursue a remedy not allowed by law, she has not stated and cannot state a cause of action and therefore her appeal from the order dismissing the unauthorized proceeding is frivolous.

2. An appeal will be dismissed when the question sought to be litigated has become moot. (*Snelling* v. *Civil Service Board,* 90 Cal.App.2d 865, 866 [204 P.2d 358]; *Stockwell* v. *McAlvay,* 117 Cal.App. 583 [4 P.2d 167].) An affidavit has been filed in this court setting forth that the act sought to be prohibited has already been performed. The question raised concerning the treasurer's proceedings for the sale of the property is therefore moot.

Appeal dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 16, 1950.