[Civ. No. 14564. First Dist., Div. One. Dec. 28, 1950.]

JOHN A. SULLIVAN et al., Appellants, v. THE SAN FRANCISCO ART ASSOCIATION (a Corporation) et al., Respondents.

Cushing, Cullinan, Trowbridge, Duniway & Gorrill and Delger Trowbridge for Appellants.

Fred N. Howser, Attorney General, R. L. Chamberlain, Deputy Attorney General, and John J. Dailey for Respondents.

WOOD (Fred B.), J.—Plaintiffs appeal from a judgment on the pleadings and from an order denying their motion to set aside the judgment and for leave to amend the complaint, in an action for declaratory relief.

The complaint was brought by the trustees of the residuary trusts created by decree of final distribution in the Estate of James D. Phelan, and amended to join as plaintiffs the heirs of Phelan, against The San Francisco Art Association and the Attorney General of California, for a declaration of rights under a decree (set forth at length in the complaint) of partial distribution in that estate, rendered July 23, 1931, which distributed certain real property and the sum of $250,-000 to the art association in trust.

The trust was expressed by the decree in these words: "The real property hereinbefore described (subject to the aforesaid rights of way in favor of Noel Sullivan) is distributed to said THE SAN FRANCISCO ART ASSOCIATION, in trust, to maintain the same as a public park, which shall be open to the public under reasonable restrictions, and to use the buildings and grounds immediately surrounding the buildings, as far as possible, for the development of art, literature, music and architecture by promising students. Said sum of Two Hundred and Fifty Thousand Dollars ($250,000.00) is distributed to said THE SAN FRANCISCO ART ASSOCIATION, in trust, to invest the said fund and to use and apply the income thereof for the maintenance of the said real property, with power from time to time to sell the securities in which the said fund may be invested and to reinvest the proceeds in other securities to be held upon the same trust."

These dispositive provisions are silent as to any reversionary interest in the property but in the recitals of the decree appears a copy of that portion of Phelan's will which provided for this trust and concluded with these words: "If this gift shall not be accepted by The San Francisco Art Association, the entire property shall go to my trustees herein named as a part of the residue of my estate." The decree also recites that the art association had petitioned for a decree distributing to it the property devised and bequeathed unto it under the terms of the will.

The complaint then alleges the exchange of certain parcels of land between the art association and Noel Sullivan, and that the association has been in the full use and enjoyment of the real property received by it under the decree until the exchange, and, ever since then, of the property held by it after the exchange; and during all of that time has had full use and enjoyment of the money received under the decree.

Upon information and belief the complaint alleges that on May 14, 1931, the board of directors of the art association adopted a resolution which purported to accept the real property and the money upon the trust declared in the will; that in taking such action the association mistakenly believed that sum would be sufficient to make the trust effective, and acting upon such belief passed the resolution and received possession of the property; that ever since then the association has been seeking to make the trust effective but the income from the money has proved in practice to be entirely insuf-

ficient to make said trust purposes or any of them effective; that the association in so accepting believed it would be possible to obtain additional income from private sources to fulfill the terms of the trust, but it has been entirely impossible to obtain any substantial additional income for such purposes; that it is entirely impossible for the association to continue any longer to attempt to perform the terms of said charitable trust; and, therefore, none of the provisions of the trust are being performed and this charitable trust has entirely failed and is not being administered as provided by the will or in accordance with the decree.

Next, it is alleged the decree of final distribution rendered January 19, 1933, distributed to the trustees for the residuary beneficiaries the entire rest, residue and remainder of the estate of Phelan, specifically including all right, title and interest remaining in the estate to the property given by the will in trust to the art association; also, all right, title and interest of the estate therein by reason of nonacceptance of the trust or existing or arising if the objects of the trust are or become impossible or unlawful or arising out of any failure of the trust for any reason.

It is then alleged that the People of the State of California, acting through the attorney general, claim some right, title and interest in the property by reason of the alleged charitable character of the trust, but that such claim is without any right or foundation in law.

Finally, the complaint alleges that an actual substantial controversy has arisen between the plaintiffs and the art association (1) as to whether there has been a substantial violation of the terms and conditions set forth in the 1931 decree of partial distribution sufficient to have the court declare that the trust has completely failed, and (2) whether, assuming there has been a complete failure of the trust, the plaintiffs who are trustees of the residuary trusts or the plaintiffs who are heirs of Phelan are entitled to have the property conveyed to them free and clear of all claims of the art association and the People of the State of California; and prays for judgment declaring and determining that the trust has wholly failed and whether in such event the property should be conveyed to the heirs or to the residuary trustees, and that the defendants have no interest in the property.

Each defendant filed its answer to the complaint and then, upon motion of the attorney general, the trial court rendered judgment on the pleadings against the plaintiffs, dismissing

the action. The judgment is silent as to the reasons for it, but the notice of motion declares that the complaint raises no issue for determination by the court, does not state facts sufficient to constitute a cause of action, lacks any allegation showing the basis for any right, title, claim or interest of any kind in the trust properties or purposes, and shows on its face that the plaintiffs do not and cannot have a right, title, claim or interest of any kind in the trust properties or purposes.

The test as to the sufficiency of a complaint for declaratory relief is furnished by the applicable statute, section 1060 of the Code of Civil Procedure. It declares that ''Any person interested under a deed, will or other written instrument, . . . or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action . . . for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument . . .'' He may ask for such a declaration either alone or with other relief and ''the court may make a binding declaration of such rights or duties,'' a declaration which ''may be either affirmative or negative in effect,'' and ''shall have the force of a final judgment.''

The complaint herein states facts sufficient, under this statute, to invoke the jurisdiction of the court to make a binding declaration of the rights and duties of the parties to the action.

Among the questions presented by this complaint are these: Has the trust failed because of impossibility of performance? If it has failed, does the *cy pres* doctrine apply, or not? If the *cy pres* doctrine does not apply and the trust is at an end, in whom does the property vest, in the residuary trustees as a reversionary interest passing to them by the decree of final distribution or in the heirs as a mere possibility which later matured into a right in their favor?

We see no escape from the conclusion that this complaint is presented by persons interested under a written instrument and who desire a declaration of their rights and duties with respect to other persons and in respect to certain property. The complaint shows that an actual controversy relating to the legal rights and duties of the respective parties has arisen and now exists. And it is an action for declaration of the

plaintiffs' rights and duties in the premises, including a determination of questions of construction of the written instrument, the decree of partial distribution of 1931. The complaint would seem to satisfy all of the requirements of the statute when challenged for sufficiency of facts to constitute a cause of action under the statute.

Such a complaint gives the court jurisdiction, in the action, to "make a binding declaration of such rights or duties," a declaration which "may be either affirmative or negative in form and effect," a declaration that "shall have the force of a final judgment" (Code Civ. Proc., § 1060), and thus serve the practical end of quieting and stabilizing an uncertain and disputed jural relation.

The attorney general, in support of the judgment of dismissal, urges that the complaint presents no justiciable controversy. He says that the plaintiffs have no legally protectible interest in the trust or in the trust property for which they may seek declaratory relief; that they could not possibly have any standing in court except as relators, under proper circumstances, in a quo warranto proceeding concerning the administration of the trust; that only the attorney general, a relator, or the art association as trustee, has any standing in court concerning this trust, its purposes, or the trust property—any other person is a mere interloper.

This, his view of the situation, is based upon his interpretation of the dispositive provisions of the 1931 decree of partial distribution. That decree, which long since became final, contains no reversionary clause. That fact, plus the fact that his reading of those dispositive provisions convinces him that a general charitable intent is expressed, persuade him there can never be any possibility of an interest in the property arising and vesting in any of the plaintiffs. He says that the 1931 decree, in creating a charitable trust and expressing no reversion, severed the property entirely from the estate and cut off any right which the heirs or the residuary trustees otherwise might have therein; also, that that decree was a final, conclusive determination of the fact that the art association did accept the property, a fact which he asserts is further confirmed by the exchange of property between the association and Noel Sullivan.

All this, however, is premature at this stage of the proceeding. It may well be appropriate for presentation upon the trial when the court is considering what "declaration" it should make of the "rights and duties" of the parties and

whether that declaration should be "affirmative or negative." At this stage, a court is not, cannot, be concerned with the question whether the respondent's views or the appellants' views (which, upon this appeal, are as vigorously and earnestly expressed as the opposing views of the attorney general) are correct, concerning the interpretation of the instrument, the meaning of the words it uses, the extent to which, if any, resort may be had to the recitals of the instrument or to the provisions of the will which it was designed to express, and the bearing of those interpretations upon the respective **claims of the** parties. For that is what a declaratory relief action is about, to determine and declare the respective rights and duties of the parties, *at the end,* not at the beginning, of the inquiry.

■ Thus, it is well established that when the sufficiency of a declaratory relief complaint is being considered, it is of no consequence whether the plaintiff may be on the right side or on the wrong side of the controversy. The complaint may not be dismissed because the court disagrees, if it does, with the construction which the plaintiff would put upon the instrument involved. (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 728-731 [146 P.2d 673, 151 A.L.R. 1062]; followed in *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747]; *LaHue* v. *Dougherty,* 34 Cal. 2d 1, 5 [206 P.2d 640]; *Wolas* v. *Crescent Commercial Corp.,* 86 Cal.App.2d 740, 745 [195 P.2d 471]; *Dallman Supply Co.* v. *Sweet,* 86 Cal.App.2d 780, 783 [195 P.2d 864]; *Ingrao* v. *Karsten,* 94 Cal.App.2d 517, 522 [211 P.2d 41]; *Ralphs etc. Co.* v. *Amalgamated Meat etc. Workmen,* 98 Cal.App.2d 539, 542 [220 P.2d 802].)

The attorney general places considerable reliance upon *Society of California Pioneers* v. *McElroy,* 63 Cal.App.2d 332 [146 P.2d 962], *Merkley* v. *Merkley,* 12 Cal.2d 543 [86 P.2d 89], and *Vincent* v. *Security-First National Bank of Los Angeles,* 67 Cal.App.2d 602 [155 P.2d 63], as supporting the view that the complaint herein does not state a cause of action. But they are not applicable. In the McElroy case the question, upon appeal from a judgment rendered after a trial upon the merits, was whether one of the parties had made out a case for a declaration favorable to him, quite a different question from that now before us. In the Merkley case, also, there had been a trial. In addition, plaintiff's claim of an interest under an instrument affecting her divorced husband's right in certain property was predicated upon

the possibility that someday she might have occasion to assert a lien on his interest therein to collect alimony from him, in case some time in the future he might default in the payment of alimony to her. The court deemed that an interest too remote and speculative to furnish a basis for declaratory relief; quite different from a claim to a present interest in property, predicated upon a trust having already failed. The Vincent case involved a complaint to amend a decree of distribution, not to interpret the decree and declare the rights and duties of the plaintiff and defendant under it.

Because the complaint herein states a cause of action for a declaration of rights, the judgment should be reversed. The order denying the motion to set aside the judgment and for permission to amend the complaint, likewise should be reversed. The reversal of the order does not constitute a granting of the motion to amend, which may be considered anew by the trial court if presented anew, whether in the same or a different form.

The judgment and order appealed from are reversed.

Peters, P. J., and Bray, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 19, 1951. Edmonds, J., and Traynor, J., voted for a hearing.