[Civ. No. 19511.   Second Dist., Div. One.   May 29, 1953.]

ROSEMARY AGNEW, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Rosemary Agnew, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondents.

WHITE, P. J.—On December 11, 1951, a petition was filed in the Superior Court of Los Angeles County sitting in separate session as a juvenile court, charging petitioner Rosemary Agnew, a juvenile, with the commission of two misdemeanors and praying that she be made a ward of the juvenile court. At that time petitioner was of the age of 17 years and married to R. W. Agnew. On December 26, 1951, respondent juvenile court made its order declaring petitioner a ward of that court, pursuant to the provisions of subdivision (m), section 700 of the Welfare and Institutions Code.

From that order petitioner, joined by her husband, filed notice of appeal to this court. After the filing of said notice of appeal, and on January 16, 1952, respondent juvenile court made its order finding said minor an unfit subject for consideration by said court and remanding the case to the Municipal Court of Los Angeles Judicial District for prosecution under the general law. On January 17, 1952, a complaint was filed in respondent municipal court against petitioner Rosemary Agnew. A notice of appeal from the aforesaid order of the juvenile court was filed on January 16, 1952.

The municipal court action proceeded to trial and petitioner was found guilty of one of the offenses charged against her. An appeal from said judgment of conviction resulted in a reversal thereof by the Appellate Department of the Superior Court of Los Angeles County (114 Cal.App.2d Supp. 841 [250 P.2d 369]). Thereupon, said municipal court action was reset for trial on January 28, 1953.

Neither of petitioner Rosemary Agnew's appeals from the foregoing juvenile court orders have been perfected for the reason that she has been unable to obtain a reporter's and clerk's transcript from the juvenile court.

On January 26, 1953, petitioner and her husband filed in this court a "Petition for aid to docket a pending appeal, for an order to show cause and restraining order."

The petition alleged the filing of the aforesaid petition in the juvenile court to declare Rosemary Agnew a ward of said court. That the court made its order declaring her a ward thereof and committing her to juvenile hall until January 16, 1952, to which date the cause was continued and placed on "Appearance Calendar." The petition then alleges that within the time allowed by law petitioner Rosemary Agnew and her husband, "did duly take an appeal to the above entitled District Court of Appeal from said order of juvenile court made on December 26, 1951, ordering said Rosemary Agnew made a ward of said juvenile court." That a written notice of appeal was filed, together with a request for clerk's and reporter's transcript on appeal. That the judge of respondent juvenile court refused to order said transcripts and directed the clerk and reporter not to prepare the same.

The petitioners further aver that following the hearing on January 16, 1952, when petitioner Rosemary Agnew was found by respondent juvenile court to be an unfit subject for consideration by said court, and the cause referred to the Municipal Court of Los Angeles Judicial District for prosecution under the general law, petitioner Rosemary Agnew and her said husband regularly and duly filed a timely notice of appeal from said order. That a request was regularly made to the judge of respondent juvenile court for a clerk's and reporter's transcript but that said request was denied, and the clerk and reporter were instructed by the judge of the juvenile court not to prepare said transcripts.

It is then alleged that by reason of the foregoing appeal taken from the order of respondent juvenile court made on January 16, 1952, the said municipal court is without jurisdiction to proceed with the trial of petitioner Rosemary Agnew on the complaint filed in the latter court pursuant to the aforesaid order of respondent juvenile court.

On January 27, 1953, this court issued an order directed to respondent juvenile court to show cause why it should not prepare and lodge in this court a clerk's and reporter's transcript in the above mentioned appeals taken by petitioners. The order to show cause was also directed to the Municipal Court of Los Angeles Judicial District directing that tribunal to show cause before this court why it should not be restrained from proceeding with the trial of that certain action above referred to, and which was commenced pursuant to the order of respondent juvenile court made on

January 16, 1952, referring the cause to said respondent municipal court.

On the return day of the order to show cause both respondent courts appeared and filed a demurrer contending that the aforesaid petition does not state facts sufficient to entitle the petitioner to the relief prayed for.

In that regard, respondents first contend that the appeal from the order declaring petitioner a ward of the juvenile court was settled and determined by reason of the subsequent order of January 16, 1952, remanding the matter to the municipal court for prosecution under general law.

We find ourselves in accord with respondents' contentions in that regard. The juvenile court having vacated its order declaring petitioner Rosemary Agnew a ward of that court, determination of an appeal therefrom would be now of no practical advantage or benefit to petitioners. The controversy over that matter, which is the only point involved in the appeal therefrom, ended when the juvenile court made its order of January 16, 1952, remanding the matter to the municipal court for prosecution.  Such being the situation, this court is not called upon to pass judgment on a question which, when given, can have no practical effect; where a controversy existing at the time the appeal was taken has, by reason of matters subsequently transpiring, ceased to exist. When this appears the proper course is to dismiss the appeal (*Lovell* v. *Griffin,* 51 Cal.App.2d 322, 323 [124 P.2d 615]; *McKenna* v. *McCardle,* 97 Cal.App.2d 304, 305 [217 P.2d 433]).  Therefore, it must be held that the juvenile court was justified in refusing to prepare a clerk's and reporter's transcript in the appeal from the order of December 26, 1951, declaring petitioner Rosemary Agnew a ward of that court.

As to the order of January 16, 1952, referring the matter to the municipal court for prosecution, respondent courts contend that "the juvenile court had full jurisdiction to remand the petitioner to the municipal court for further proceedings therein." It is true that pursuant to section 834 of the Welfare and Institutions Code, the juvenile court, if it "finds that the minor is not a fit subject under the Juvenile Court Law . . . shall dismiss the petition, and direct that criminal proceedings be instituted against the minor under the general law," but section 580 of the Welfare and Institutions Code provides that a decree of the juvenile

court declaring anyone to be a ward of that court, "may be appealed in the same manner as any final judgment," and the same section further provides that "any subsequent order may be appealed from as from an order after judgment. . . ." ■ Manifestly, the order of January 16, 1952, is an appealable order, and it is conceded that an appeal therefrom was regularly and duly taken. The effect of an appeal is to remove from the jurisdiction of the trial court the subject matter of the judgment or order appealed from. ■ While the appeal was pending, the juvenile court had no jurisdiction to enforce its order transferring the cause to the municipal court. The notice of appeal invested the District Court of Appeal with jurisdiction of the subject matter and deprived the juvenile court of power or authority "to move in conflict with such jurisdiction" (*People* v. *Helsley,* 41 Cal.App.2d 935, 939 [108 P.2d 97] ; *People* v. *Owens,* 71 Cal.App.2d 831, 834 [164 P.2d 28] ; *Ingrao* v. *Karsten,* 94 Cal.App.2d 517, 521 [211 P.2d 41] ).

■ It is axiomatic that one who takes a timely appeal is entitled to perfect it, and to suppress the exercise of such right amounts to denial of the equal protection of the law, because the Fourteenth Amendment of the Constitution of the United States prohibits any such suppression. The petitioner Rosemary Agnew was entitled to have a clerk's and reporter's transcript prepared and it was the duty of the court to order their preparation. Equal protection of the law is something more than an abstract right. It is a command which the state must respect, the benefits of which every person may demand. Not the least merit of our constitutional system is that its safeguards extend to all—the least deserving as well as the most virtuous.

For the foregoing reasons the demurrer of respondents is sustained as to the petition insofar as the order of December 26, 1951, is concerned, and overruled as to the petition insofar as the same refers to the order of January 16, 1952. ■ It is ordered that a peremptory writ of mandate issue commanding respondent superior court, sitting in separate session as a juvenile court, to order the preparation of a clerk's and reporter's transcript on the appeal taken from the order of January 16, 1952, referring the matter of Rosemary Agnew to the municipal court for prosecution under the general law.

It is further ordered that respondent Municipal Court of Los Angeles Judicial District refrain from proceeding with

or taking any further proceedings in that certain action now pending therein and numbered 4314, until final determination of the appeal taken from the order of respondent juvenile court dated January 16, 1952, referring said cause to respondent municipal court.

Doran, J., concurred.