[Civ. No. 25551.   Second Dist., Div. Three.   May 10, 1962.]

M. HOWARD GOLDMAN et al., Plaintiffs and Appellants, v. THE COUNTY OF SANTA BARBARA et al., Defendants and Respondents.

James R. Christiansen for Plaintiffs and Appellants.

Robert K. Cutler, County Counsel, Rogers & Wilcox and Carroll Barrymore for Defendants and Respondents.

THE COURT.—This is an appeal from a judgment of dismissal after demurrers to the appellants' original pleading (entitled "Petition for Alternative Writ of Mandate and Complaint for Declaratory Relief") had been sustained without leave to amend. The demurrers were interposed on behalf of the respondents, the Board of Supervisors and the Planning Commission of the County of Santa Barbara.

No controversy of the nature appropriate in an action for declaratory relief was pleaded. (See 2 Chadbourn, Grossman & Van Alstyne, California Pleading, § 1085.) The plaintiff sought to compel the board and the commission to refrain from taking further action under certain zoning ordinances of the county pursuant to which the development as a shopping center of a 10-acre parcel of land adjacent to the appellants' residential property was contemplated. Such ordinances were

asserted to be invalid. After the filing of the notice of appeal, the appellants sold their property. Consequently, the question to be determined prior to any consideration of the appeal on its merits is whether the matter has now become moot.

The appellants contend that the questions raised are not moot because the action does not relate solely to the particular parcel of land described in their pleading but is in the nature of a class or representative action. Moreover, they assert that Frank R. Malinowski, who has resided on property owned by him within 200 feet of their former residence since a time prior to the institution of the proceeding, relied on their action for the protection of his interests and should now be allowed to intervene therein. They also claim that, as owners of another parcel of land, not mentioned in their pleading, which is approximately 3 miles away from the proposed shopping center, they are aggrieved by the kind of zoning permitted under the ordinances which they attack. The nature of that property and of the particular zoning with respect thereto is not disclosed. Finally, they assert that as taxpayers they have a right to bring an action against public officials for illegal use or expenditures of public funds "in enforcing and regulating the zoning ordinances here in question."

It is manifest that if the action must be considered as one brought by the appellants solely for the protection of their residential property particularly described in the complaint, which was adjacent to the proposed commercial development, as we think it must be,[1] then the appeal must be

---

[1]In each cause of action is found the following paragraph: "That petitioners, along with others, objected to the passage of said Ordinances Nos. 1043 and 1044 and the procedures used in their adoption for the reason that they owned and occupied a home immediately adjoining said Petersen property. That to carry on the commercial businesses allowed by said Ordinances Nos. 1043 and 1044 directly next door would not only interfere with rightful and peaceful possession by petitioners of their home and property, but would make petitioners' property and home far less desirable for residential purposes and would greatly decrease the value of petitioners' property and harmfully interfere with their enjoyment of their home. That by reason of the foregoing, petitioners will be substantially and permanently damaged in excess of $4000.00." Again, in the appellants' opening brief it is said: "This parcel of land rezoned is immediately adjacent to Appellants' home. . . . The commercial uses allowed by such rezoning would very greatly decrease the value of Appellants' property to the very great damage of their $26,000.00 home. . . . This rezoning harmfully interferes with Appellants' peaceful use and enjoyment of their home and would make it less desirable for residential purposes. . . . The Appellants have brought this action on behalf of themselves and other similarly situated owners of property."

dismissed because the sale of that property rendered moot the question of injury to a property interest of the appellants as alleged in their pleading. (See *McIntosh* v. *McIntosh*, 70 Cal. App.2d 585, 586 [161 P.2d 407]; *Agnew* v. *Superior Court*, 118 Cal.App.2d 230, 233 [257 P.2d 661]; *McKenna* v. *McCardle*, 97 Cal.App.2d 304, 305 [217 P.2d 433].) ▮ The appellants seek to avoid such a determination by the contention that the action is a representative or class action. The difficulty is that the pleading does not sufficiently sustain that position and there is no indication that it could be amended to overcome the defect. ▮ "One who sues on behalf of a class must allege the facts which make the action a proper class suit and which justify his representation of the other members of the class."[2] (2 Witkin on California Procedure, p. 1452.) ▮ The only allegation with respect thereto in the present case is that "petitioners bring this action on behalf of themselves and other owners of property and homes located in the immediate vicinity of said Petersen property who will be similarly damaged by the establishment of said commercial uses on said Peterson property." That persons having a community of interest are many or that "the parties are numerous, and it is impracticable to bring them all before the Court," is not evident. Such pleading is insufficient upon which to base an assertion that the action is representative in nature. (See 39 Am.Jur., Parties, § 53, p. 927; Note 132 A.L.R. 749, 753.) The appellants' position is not aided by Mr. Malinowski's willingness to intervene because there is still no showing of the existence of the factual situation necessary for a representative suit under the provisions of section 382 of the Code of Civil Procedure. (See *Kennedy* v. *Domerque*, 137 Cal.App.2d Supp. 849, 850 [290 P.2d 85].)

▮ The further arguments of the appellants that they are the owners of other property some distance away, not mentioned in their pleading, which property is subjected to damage because of invalid zoning legislation, and that they have a cause of action as taxpayers, are unavailing on the question of mootness. Such grounds of action are not embraced within the allegations of the present pleading, and, assuming that the appellants have such causes of action, they

---

[2]Section 382 of the Code of Civil Procedure is in part as follows: ". . . when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

are free to file an action or actions with respect thereto. The statement of the court in *Granger* v. *Orange County Board of Supervisors,* 168 Cal.App.2d 274 [335 P.2d 748], at page 277, is here apropos. It was said "To paraphrase the language of the Supreme Court in *Lenahan* v. *City of Los Angeles,* 14 Cal.2d 128, 134 [92 P.2d 1014], a dismissal of the appeal in no way places the stamp of approval on the alleged infractions of the requirements of the law or the acts of the respondents. All that is now decided is that the controversies which appellant attempted to raise by his amended complaint are moot. (See also *Consolidated Vultee Aircraft Corp.* v. *United Automobile etc. Workers,* 27 Cal.2d 859, 863 [167 P.2d 725]; *Estate of Tierney,* 63 Cal.App.2d 295, 299 [146 P.2d 700].)"

The appeal is dismissed.

A petition for a rehearing was denied June 6, 1962, and appellants' petition for a hearing by the Supreme Court was denied July 3, 1962.