[Civ. No. 11071.    Third Dist.    Mar. 24, 1965.]

In re JOHN HENRY BREKKE, a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v. JOHN HENRY BREKKE, Defendant and Appellant.

Kenneth M. Wells, Public Defender, for Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Respondent.

THE COURT.—The Attorney General has moved to dismiss this appeal from an order of the Superior Court of the State of California in and for the County of Sacramento sitting as a juvenile court. ▮ The order appealed from, dated September 11, 1964, was one made pursuant to Welfare and Institutions Code section 707,[1] declaring that the above named minor, John Henry Brekke (already a ward of the court, as will be noted more fully hereinafter) "is not a fit and proper subject to be dealt with under the Juvenile Court Law of the State of California," and directing the District Attorney of Sacramento County to prosecute him under the general law.[2] The order contained findings that a "supplemental petition" had been filed August 21, 1964, by the probation officer under section 602 alleging that said minor on August 19, 1964, had murdered one Julius Daniel Micheletti, that a hearing had been held upon said petition and evidence taken, that said minor was over 16 years of age, and would not be amenable to the care, treatment and training program of the facilities of the juvenile court.

The motion to dismiss the appeal is upon the ground that the order is nonappealable. The question presented has novelty because it involves an interpretation of the provisions of section 800[3] (which covers those orders, judgments and decrees of the juvenile court which are appealable), and particularly that portion thereof making appealable "any sub-

[1] Hereinafter all section references are to the Welfare and Institutions Code.

[2] Section 707 in pertinent part provides: "At any time during a hearing upon a petition alleging that a minor is, by reason of violation of any criminal statute . . . a person described in Section 602, when substantial evidence has been adduced to support a finding that the offense alleged is punishable as a felony under the general law and that the minor was 16 years of age or older . . . and that the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court, the court may make a finding . . . that the minor is not a fit and proper subject to be dealt with under this chapter, and . . . direct the district attorney . . . to prosecute the person under the applicable criminal statute . . . ."

[3] Section 800 in the portions pertinent here provides as follows: "A judgment or decree of a juvenile court . . . assuming jurisdiction and declaring any person to be a person described in Section 600, 601, or 602, . . . may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment . . . ."

sequent order'' to a judgment ''assuming jurisdiction and declaring any person to be a person described in Section 602.''

The interpretation is to be made with reference to a situation unique so far as the case law of California is concerned.

At the time of the petition charging said minor with murder he had already been involved in the theft of an automobile and had been adjudged a ward of the juvenile court under section 602[4] in March, 1964. He had been then committed to the care and custody of his father.

On August 19, 1964, a verified supplemental petition was filed, charging the minor with a violation of the previous order and he was ordered to be detained and placed under the care and custody of the probation officer. It was during such detention that the alleged murder of Micheletti, a counselor at the juvenile hall, was committed.

▮ Because of these facts, it is the minor's contention that the order of September 11, 1964, is a ''subsequent order [which] may be appealed from as from an order after judgment.'' Although a literal interpretation of section 800 would support that position we do not believe, within the purposes and reasons of that section, or of section 707, or of the Juvenile Court Law as a whole, such a construction is permissible. In our opinion the Legislature, by use of the words last quoted, must be deemed to have intended to refer only to subsequent orders relating to the judgments and decrees theretofore made and the matters which caused them to be made. Any other construction would defeat the purposes of section 707.

By that section (see fn. 2) the juvenile court when it has determined that a minor brought before it who has committed a felony is not amenable to care and treatment as a juvenile and is not a fit and proper subject to be dealt with under juvenile court law may direct that he be tried under the general law. Such a determination made when the minor is brought before the juvenile court for the first time, i.e. before any judgment or order making him a ward of the court, is admittedly not appealable. The reason it is not is obvious. A time-consuming appeal would prejudice both the prosecution, in its ability to present evidence of guilt, and the defendant, in his right to a speedy trial. Although section 800 provides that precedence be given appeals from juvenile

---

[4]Section 602 in the part pertinent here provides: ''Any person under the age of 21 years who violates any law of this State . . . defining crime . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court.''

court judgments and orders, a considerable lapse of time during the appeal is inevitable. This case is illustrative. The order appealed from was dated September 11, 1964. The reason stated is equally applicable when a minor, already a ward of the court, is brought before the juvenile court on an entirely new matter. Actually there is more reason for the application of section 707 to the second (or, as here, the third) offender. He has *demonstrated* the fact that he is "not a fit and proper subject to be dealt with under the Juvenile Court Law." It would be an anomaly in the law to give preferential rights of appeal to the incorrigible minor over the minor brought before the juvenile court for the first time.[5]

▮ It is elementary that "an order is not appealable unless declared to be so by the Constitution or by statute." (*People* v. *Keener,* 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587]; *People* v. *Valenti,* 49 Cal.2d 199, 204 [316 P.2d 633]; *In re Corey,* 230 Cal.App.2d 813, 820 [41 Cal.Rptr. 379].) ▮ Section 800 cannot be construed as permitting an appeal from the order made here under section 707 without doing violence to both the reason and intent of that section.

▮ We hold the order made was not appealable. No case brought to our attention requires a different rule.

In *Agnew* v. *Superior Court,* 118 Cal.App.2d 230 [257 P.2d 661], a minor was, by order of the juvenile court, declared to be a ward of that court. An appeal was taken from that order. While the appeal was pending the court attempted to vacate its original order and to remand the matter to the municipal court (from whence the juvenile court proceedings had originally emanated) for prosecution under the general law. It was held that the appeal had removed the matter from the juvenile court's jurisdiction.

*In re Corey, supra,* 230 Cal.App.2d 813, involved an appeal from an order denying a motion to vacate an order adjudging a minor to be a ward of the juvenile court. It was held that the second order was appealable notwithstanding that the first order, having been appealed from, was not final.

Both in *Corey* and in *Agnew* the subsequent order related

---

[5]It may be noted, however, that the determination by the juvenile court of unfitness of the minor for treatment under Juvenile Court Law does not preclude ultimate correctional measures giving consideration to the youthfulness of the offender. Under section 1731.5 the superior court after conviction of the minor under the general law may, unless the sentence is to death or life imprisonment, refer the minor to the Youth Authority for acceptance.

to the original matter, causing the juvenile court to assume jurisdiction and to make the minor involved a ward of the court. That factor distinguishes those cases from this.

The motion is granted and the appeal is dismissed.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1965.