[Civ. No. 23304.   First Dist., Div. One.   Sept. 8, 1966.]

In re JAMES NEAL CONLEY, a Minor. THE PEOPLE, Plaintiff and Respondent, v. JAMES NEAL CONLEY, a Minor, Defendant and Appellant.

James F. Conley (Father), in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Robert S. Shuken, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, J.—This is an appeal by James F. Conley, father of James Neal Conley, a minor, from the order of the Contra Costa Superior Court, sitting as a juvenile court, sustaining the order of the traffic hearing officer finding said minor guilty of a violation of Vehicle Code section 21711.[1] The sole contention made on this appeal by appellant, who appears in propria persona, is that "there actually was no violation of the letter or intent of Section 21711 by the accused." We have concluded that we need not consider the merits of this contention since we must hold that the order of the superior court is not appealable.[2]

---

[1]Veh. Code, § 21711 provides as follows: "No person shall operate a train of vehicles when any vehicle being towed whips or swerves from side to side or fails to follow substantially in the path of the towing vehicle."

[2]The question of the appealability of the subject order was not raised in any of the briefs nor discussed at oral argument, but posed itself

Before proceeding to a discussion of the law which impels the conclusion we have reached it is appropriate to set out the procedural background of this case. On July 30, 1965 the said minor, then of the age of 17 years, was cited for violation of the subject Vehicle Code section. A plea of not guilty having been entered by the minor, the matter was heard by the traffic hearing officer,[3] pursuant to Welfare and Institutions Code sections 562 and 563,[4] on September 20, 1965, and on the same day the hearing officer found that the minor did in fact commit the traffic violation charged and ordered that he pay a fine of $5. (See § 564.) Thereafter, a request for a rehearing before the traffic hearing officer having been denied, appellant requested a hearing pursuant to section 567.[5] The juvenile court thereupon ordered a rehearing to be conducted by himself as provided in section 567 and set the same for October 15, 1965, on which date the juvenile court, after a hearing at which testimony was given by the officer who issued the citation, by the minor and by appellant, sustained the findings and order of the traffic hearing officer.

Initially we note that the order of the traffic hearing officer was made on September 20, 1965 and that the rehearing by the juvenile court was held on October 15, 1965. The record does not disclose when appellant applied for the rehearing provided for in section 567 but merely indicates that such request was made at some time between September 23, 1965, when appellant was notified that the traffic hearing officer had denied a rehearing, and October 6, 1965 when the county probation officer advised the judge of the municipal court that an application for a rehearing under section 567 had been made and requested transmission to the juvenile court of the original citation and the traffic hearing officer's findings and order. It should also be noted that subject to the provisions of section

following submission of the case. Leave was therefore granted to the parties to file supplemental briefs on this issue.

[3]The hearing officer was a judge of the municipal court acting presumably pursuant to the provisions of Welf. & Inst. Code, § 561.

[4]Unless otherwise indicated all statutory references hereinafter made are to the Welfare and Institutions Code.

[5]Welf. & Inst. Code, § 567 provides as follows: "Upon motion of the minor or his parent or guardian for good cause, or upon his own motion, a judge of the juvenile court may set aside or modify any order of a traffic hearing officer, or may order or himself conduct a rehearing. If the minor or parent or guardian has made a motion that the judge set aside or modify the order or has applied for a rehearing, and the judge has not set aside or modified the order or ordered or conducted a rehearing within 10 days after the date of the order, the motion or application shall be deemed denied as of the expiration of such period."

567 all orders of a traffic hearing officer are immediately effective. (§ 566.) Pursuant to the provisions of section 567 it appears that if a rehearing is applied for and the judge does not order or conduct such rehearing within 10 days after the date of the order of the traffic hearing officer, then the application shall be deemed denied as of the expiration of such period. Accordingly, in the present case such period would have expired on September 30, 1965, and the application for a rehearing would have been deemed denied as of that date. Since the application is deemed denied upon the expiration of 10 days after the hearing officer's order, and since the operation of this time limit is dependent upon such an application having been made, it would appear that the application for a rehearing must be made within 10 days from the date of the hearing officer's order. As already indicated the record does not disclose when the subject application was made, nor whether it was made before the expiration of the same 10-day period. It is clear, however, that both the order for and the conducting of the rehearing occurred subsequent to such 10-day period. ■ We are of the opinion, however, that the 10-day period provision of section 567 is not jurisdictional but procedural. Its purpose is to compel the juvenile court to act in any of the respects provided for in section 567 within the allotted time, and, in the event the motion or application is deemed denied by the judge's failure to act within such time, to set in motion the right to appeal from such denial as provided in section 800 (discussed *infra*). ■ Suffice it to say, since the rehearing provided for in section 567 was in fact granted in the instant case, the intent and purpose of that section was satisfied. Moreover, it is not urged by appellant that any error was committed by the trial court with respect to the requirements of section 567.

We turn next to the question of the appealability of the order of the superior court, sitting as a juvenile court, sustaining the findings and order of the traffic hearing officer. ■ It is well settled that there is no constitutional right to an appeal, that the right of appeal is statutory, and that a judgment or order is not appealable unless it is expressly made so by statute. (*Trede* v. *Superior Court*, 21 Cal.2d 630, 634 [134 P.2d 745]; *Superior Wheeler Cake Corp.* v. *Superior Court*, 203 Cal. 384, 386 [264 P. 488]; *People* v. *Keener*, 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587]; *Collins* v. *Corse*, 8 Cal.2d 123, 124 [64 P.2d 137]; *Rossi* v. *Caire*, 189 Cal. 507, 508 [209 P. 374]; *Sherman* v. *Standard Mines Co.*, 166 Cal.

524 [137 P. 249] ; *Efron* v. *Kalmanovitz,* 185 Cal.App.2d 149, 157 [8 Cal.Rptr. 107] ; *In re Corey,* 230 Cal.App.2d 813, 820 [41 Cal.Rptr. 379] ; *In re Brekke,* 233 Cal.App.2d 196, 199 [43 Cal.Rptr.. 553] ; 3 Witkin, Cal. Procedure (1954) Appeal, § 1, p. 2141.) ■ The orders, judgments and decrees of a juvenile court which are appealable are restricted to those enumerated in section 800. (*In re Corey, supra,* p. 821; *In re Brekke, supra,* p. 197; Witkin, Summary of Cal. Law (1965 Supp.) Parent and Child, § 200A, p. 908.) That section provides, in pertinent part, that ''A judgment or decree of a juvenile court . . . assuming jurisdiction and declaring any person to be a person described in Section 600, 601, or 602, or on denying a motion made pursuant to Section 567, may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; . . .''

■ It is apparent that the order in the instant case is not one ''assuming jurisdiction and declaring any person to be a person described in Section 600, 601, or 602. . . .'' Those sections have to do with the procedure of the Juvenile Court Law by which it is sought to adjudge a minor a dependent child of the court (§ 600) or a ward of the court (§§ 601 and 602) pursuant to the proceedings provided for in article 7 of said law (§§ 650-664, incl.). ■ In section 725 provision is made for the judgment which the juvenile court may enter when it adjudges the minor to be a ward or dependent child of the court. It is from this judgment that an appeal may be taken pursuant to section 800. ■ It is significant to note that section 564 providing for the action and orders that the traffic hearing officer may make when the minor admits the commission of the traffic violation charged or is found to have committed such violation specifies that the hearing officer may direct the probation officer to file a petition as provided for in article 7. (subd. (2).) Accordingly, when such proceedings are invoked, following a determination by the traffic hearing officer that a traffic violation has been committed by the minor, upon a subsequent determination by the juvenile court that because of such violation the minor is adjudged to be a ward or dependent child of the court, an appeal lies from such judgment pursuant to section 800.

Aside from the instances just discussed and appeals from ''subsequent orders,'' which, in *In re Corey,* we held to apply to orders made *after judgment* affecting the substantial rights of the minor, the only remaining ground for appeal under section 800 is an appeal from a *denial* of a motion made

pursuant to section 567. ▆▆ It is thus apparent from the language of section 800, read in conjunction with section 567, that where the juvenile court refuses or fails to set aside or modify any order of the traffic hearing officer upon motion of the minor, parent or guardian, or refuses or fails to grant an application for a rehearing, such refusal or failure to act is a denial by the juvenile court of the motion or application from which denial an appeal may be taken. In the case at bench the motion made by appellant under section 567 was *granted*. Section 800 provides no right of appeal from an order granting a motion or application made pursuant to section 567.

▆▆ It is abundantly clear that by its enactment in 1961 of sections 561 to 568, inclusive, the Legislature intended to provide for the handling of all but the most serious juvenile traffic violations in juvenile court and for the processing of such cases on the basis of citations rather than the filing of juvenile court petitions. To implement this objective these statutes provide for the appointment of traffic hearing officers exercising the powers of the juvenile court in much the same manner as referees. ▆▆ In the exercise of these powers the traffic hearing officers are authorized to hear and dispose of traffic cases and to make a final judgment therein subject to review by the juvenile court upon proper and timely application by the minor, his parent or guardian. (See Witkin, Summary of Cal. Law (1965 Supp.) Parent and Child, § 148A, p. 863.) Within the scope of such review, the juvenile court judge is not only empowered to set aside or modify the order of the hearing officer or to order a rehearing, but he is also invested with the jurisdiction to himself conduct a hearing de novo. ▆▆ It is apparent, therefore, that in providing a uniform and expeditious method of handling traffic cases in the juvenile court, consistent with the spirit and purpose of the Juvenile Court Law, the Legislature has deemed it adequate for the protection of the welfare of a juvenile offender that he be afforded a hearing before a traffic hearing officer subject to the right to have such determination reviewed by the judge of the juvenile court. Accordingly, since no statutory right of appeal lies from the determination by the juvenile court judge in such cases, it is manifest that the Legislature intended that such determination be final and that there be no further appeal to the higher courts of the state.

In reaching the conclusion that the subject order is not appealable we are not oblivious of the holding of *In re Kirk,* 202 Cal.App.2d 288 [20 Cal.Rptr. 787], that under former

section 580 (now § 800) a minor had a right to appeal to the District Court of Appeal from a judgment finding that the allegations in a petition charging the minor with a violation of a Vehicle Code section were true. In *Kirk* the minor, by virtue of such findings, was declared in said judgment to be a ward of the juvenile court. Accordingly, since the judgment was one under which the juvenile court assumed jurisdiction and declared such a minor to be a ward of the juvenile court, such judgment was appealable under section 580 as it would be under its successor statute, section 800. It should be noted that Justice Burke took cognizance in *In re Kirk* that the proceedings there under consideration were conducted under the Juvenile Court Law prior to the reenactment and amendment thereof at the 1961 session of the Legislature, and that had these proceedings taken place subsequent to the amendment the matter would have been disposed of in accordance with the traffic hearing officer procedure set up in sections 561-564, as amended.

The appeal is dismissed.

Sullivan, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 2, 1966.