5 Cal.App.3d 597 (1970)
85 Cal. Rptr. 396
In re J.R., a Person Coming Under the Juvenile Court Law.
KENNETH E. KIRKPATRICK, as Probation Officer, etc., Plaintiff and Respondent,
v.
J.R., Defendant and Appellant.
Docket No. 16915.
Court of Appeals of California, Second District, Division Five.
March 18, 1970.
*598 COUNSEL
Ralph M. Segura for Defendant and Appellant.
Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Blanche C. Bersch, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
KAUS, P.J.
People's motion to dismiss an appeal from an order, made March 7, 1969, adjudging J.R. a ward of the juvenile court under the provisions of section 602 of the Welfare and Institutions Code. The basis for the motion is that the notice of appeal, which was filed on May 22, 1969, was too late. The relevant chronology is as follows:
March 7, 1969: A referee of the juvenile court signed an order declaring J.R. to be a ward of the court under section 602. The hearing had been reported by an official reporter.
*599 March ?, 1969: Petition for rehearing pursuant to section 558 was filed.[1] It was signed by counsel.
March 25, 1969: The clerk of juvenile court notified counsel for J.R. that the application for a rehearing had been filed, but that it was defective in that it had not been signed by the minor, his parent or legal guardian. A new application was enclosed in the clerk's letter and counsel was advised that it would be deemed timely, if signed by the client and filed within 10 days.
April 1, 1969: New application for rehearing signed by J.R.'s mother was filed. According to the provisions of section 558 the rehearing by the judge of the juvenile court could be had on the transcript of the proceedings before the referee. The section also provides that if the application is not granted within 20 days following the date of "its" receipt, it shall be deemed denied.
April 29, 1969: The last of several applicable reporter's transcripts was filed with the superior court.
May 5, 1969: Petition for rehearing was denied by the judge.
May 22, 1969: Notice of appeal was filed.
The right to appeal in juvenile matters is granted by section 800. The parties are in agreement that the applicable time limit for the filing of a notice of appeal is that set forth in rule 2 of the California Rules of Court, namely 60 days from the applicable commencement date. Respondent's motion to dismiss is based on reasoning that pursuant to section 556 the March 7 order became final on March 17, more than 60 days before May 22. This reasoning is supported by an argument to the effect that the only valid petition for rehearing  that executed by the parent  which, if filed in time, would have postponed the effective date of the March 7 order, was filed too late. The implied premise of that argument is that there was no legal basis for the clerk's extension of time. Alternatively, respondent contends that the petition for rehearing was denied by operation of law on April 21  the judge's later express denial being of no consequence  and that thereafter the applicable time limit is that provided by rule 3 (a) of the California Rules of Court for situations where a valid notice of intention to move for a new trial is filed and denied  30 days  and that therefore the notice of appeal was one day late.
(1) The parties inform us that the exact date when the original petition for a rehearing was filed cannot be ascertained from the trial court record. *600 Counsel for J.R. has filed a declaration with this court from which it appears rather conclusively that the petition was filed within 10 days of March 7.[2] In any event it seems extremely doubtful that the clerk would, on March 25, have requested a new petition for rehearing, signed by the client, if the original had been filed too late. We therefore find that the filing of the original petition for rehearing was timely.
J.R. cannot be held responsible for the delay caused by the request that the petition for rehearing be signed by the client. We find no justification for this request in the law.[3] The record indicates, however, that the preparation of the reporter's transcript on which the rehearing was held was not ordered until six days after the second petition was filed on April 1. From that day it took an additional 22 days for the complete transcript to be prepared and filed.
(2) Section 558 reads as follows: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or to any specified part of the order or findings. If all of the proceedings before the referee have been taken down by an official reporter, the judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application. If proceedings before the referee have not been taken down by an official reporter, such application shall be granted as of right. If an application for rehearing is not granted within 20 days following the date of its receipt, it shall be deemed denied."
The last sentence, on which the People rely, was not part of the original statute, but was added by the 1963 Legislature. We do not know the reasons which prompted the addition, but very much doubt that it was the legislative intent that applications for rehearings should be deemed denied in situations where, for one reason or another, the transcript of the proceedings before the referee has not even been received by the judge. It must be noted that the last sentence can only apply to cases where the proceedings before the referee have been reported, since in other cases the application for a rehearing must be granted as of right.
Although it does some violence to the grammar of the 1963 addition to section 558, we think the only sensible and practical construction thereof is to construe the phrase "within 20 days following the date of its receipt" as referring not to the next antecedent, the application for rehearing, but *601 to the receipt of the transcript by the judge.[4] Any other construction would make the availability of a meaningful rehearing depend on the diligence of the court reporter.
Under this construction of section 558, the court had 20 days after April 29 in which to act. It acted on May 5. The notice of appeal was filed within 17 days thereafter and was, therefore, timely even if the applicable time limit is the 30-day period of rule 3 of the California Rules of Court, which seems most unlikely.[5]
The motion to dismiss the appeal is denied.
Stephens, J., and Reppy, J., concurred.
Respondent's petition for a hearing by the Supreme Court was denied May 15, 1970.
NOTES
[1] Unless otherwise noted all code references are to the Welfare and Institutions Code.
[2] Actually the time to file a petition for rehearing under section 558 does not start to run until a written copy of the referee's order and findings are served.
[3] We are informed that the Los Angeles County Juvenile Court has discontinued the practice.
[4] The effect of our holding is that the word "Its" in the 1963 addition refers to the transcript, but the word "it," in the phrase "it shall be deemed denied" refers to the application for rehearing. Undoubtedly this is atrocious grammar. Grammar, however, must take a back seat to common sense and practical considerations. "... In the interpretation of statutes courts are not bound by grammatical rules, and may ascertain the meaning of words by the context...." (In re Haines, 195 Cal. 605, 613 [234 P. 883].)
[5] The holding in this case must be distinguished from In re Conley, 244 Cal. App.2d 755, 758-759 [53 Cal. Rptr. 321], which involved the construction of section 567, applicable only to rehearings from orders of traffic hearing officers. Section 567 provides that if a rehearing is not ordered or conducted within 10 days after the date of the order, the application therefor shall be deemed denied. In Conley it was held that the 10-day time limit of section 567 was not jurisdictional, but procedural, and that an order sustaining the findings and order of the traffic hearing officer made after a rehearing conducted more than 10 days from the original order was effective. In Conley the problem was the effect of a rehearing conducted after the applicable time limit which unquestionably was 10 days after the traffic hearing officer's order. In the case at bar the problem is when the time starts to run.