Filed 6/1/23  Uriarte v. Matrai CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MICHELE URIARTE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GYORGY MATRAI,<br><br>        Defendant and Appellant. | A166135, A166232<br><br>(Contra Costa County<br>Super. Ct. No. 1902312) |

**MEMORANDUM OPINION**[1]

We address here the latest two appeals to reach us filed by Gyorgy Matrai, who is representing himself in a marital dissolution action with his former spouse, Michele Uriarte.[2]  Uriarte did not file a respondent's brief or any other documents in either appeal, so we decide them based on Matrai's opening briefs and the incomplete record

---

[1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.  In an order dated May 2, 2023, we consolidated these appeals for argument and decision.  Matrai's opening briefs are largely identical, including with respect to virtually all of the statutes and court rules he cites.

[2] Matrai has filed multiple appeals challenging various orders issued in the same underlying action.  One appeal remains pending, while the rest have been resolved against him by opinion or summary dismissal.

1

he supplied. (Cal. Rules of Court, rule 8.220(a)(2).) Because we conclude that all aspects of the two trial court orders Matrai challenges are not appealable, we will dismiss the appeals.

The first order, entered on September 2, 2022, "dropped from calendar" six of Matrai's motions and requests for orders because he failed to appear at the August 29, 2022 hearing on those requests. In the same order, the court directed Matrai to pay $4,999.99 in sanctions to Uriarte for his failure to respond to her discovery requests, and directed Uriarte to create a compendium cataloguing the various discovery requests to which Matrai had not responded.

The second order, entered September 15, 2022, removed from calendar another five of Matrai's requests for orders relating to custody, visitation, and other issues, again based on his failure to appear at the hearing on those requests (scheduled for September 15, 2022); the order also continued a hearing on an order to show cause why additional sanctions should not be imposed on him.

## DISCUSSION

It is somewhat difficult to tell whether Matrai has included in the record any of the requests for orders that the court "dropped from calendar" based on his failure to appear at the two hearings. But whether or not rulings on those requests would be appealable, the trial court did not rule on them, and there is no indication that Matrai asked the court to re-calendar them. (See Cal. Rules of Court, rule 3.1304(d) ["If a party fails to appear at a law and motion hearing without having given notice [that the party will not appear], the court may take the matter off calendar, to be reset only upon motion, or may rule on the matter"].) " '[A]n order is not appealable unless declared to be so by the

2

Constitution or by statute.'" (*In re Brekke* (1965) 233 Cal.App.2d 196, 199.) Interim orders not disposing of all causes of action in a case generally are not appealable. (Code Civ. Proc., § 904.1, subd. (a)(1);[3] *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 384.) Matrai has not provided any authority to establish the appealability of the orders insofar as they took his requests for orders off calendar based on his non-appearance.

Matrai also challenges the September 2 Order insofar as it imposed $4,999.99 in sanctions pursuant to sections 2023.010 and 2023.030 and California Rules of Court, rule 3.1348, based on Matrai's failure to respond to discovery. Section 904.1, subdivisions (a)(11) and (a)(12), permit appeals from orders or interlocutory judgments "directing payment of monetary sanctions by a party . . . if the amount *exceeds five thousand dollars* ($5,000)." (Italics added.) The sanctions order here does not meet the statutory threshold for appealability.

Matrai appears to challenge the portion of the September 2 Order requiring Uriarte to compile a compendium of her discovery requests, although his complaint is that she does not need the discovery because she already has the information she seeks. "Generally, discovery orders are not appealable. [Citation.] Instead, the challenge to a discovery order must await appeal from a final judgment." (*Aixtron, Inc. v. Veeco Instruments Inc.*, *supra*, 52 Cal.App.5th at p. 387; see *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432–1433 [considering appealable aspect of order imposing monetary sanction in excess of $5,000, but declining to consider other

---

[3] All further undesignated statutory references are to the Code of Civil Procedure.

nonappealable discovery-related aspects of order]; *Freidberg v. Freidberg* (1970) 9 Cal.App.3d 754, 764 [discovery orders generally are not directly appealable].)  Therefore, Matrai has not established that any aspect of the September 2 Order he challenges is appealable.

Finally, Matrai appears to challenge the order to show cause why further sanctions should not be imposed on him, but the September 15 Order merely continued the date of the hearing on it.  Section 904.1, subdivision (a) does not make an order that continues a hearing date appealable.  In general, procedural orders setting case dates are not appealable.  (*Governale v. Bethlehem Pacific Coast Steel Corp.* (1965) 235 Cal.App.2d 837, 843.)  Therefore, Matrai has not identified anything appealable in the September 15 Order either.

Because nothing Matrai raises is appealable, we dismiss the appeals.  (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.)  While we recognize that Matrai is proceeding without counsel, we caution that the filing of frivolous appeals, whether because they are from non-appealable orders or because they are not supported by citations to a proper record and appropriate authority, can result in the imposition of sanctions.  (Cal. Rules of Court, rule 8.276(a)(1).)

4

## DISPOSITION

The appeals are dismissed.  Uriarte is entitled to recover her costs on appeal, if any.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.

FINEMAN, J. *

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.