Filed 7/26/23  P. v. Douglas CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE | B321323 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA103562) |
| v. | |
| RAJOHN CHARLES DOUGLAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Dismissed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Michael

J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2008, a jury convicted appellant Rajohn Charles Douglas of three counts of robbery and two counts of commercial burglary, with the finding that appellant personally discharged a firearm during one of the robbery-burglary incidents.  Appellant was sentenced to an aggregate term of 29 years, later modified to 28 years and four months.

In 2019, the trial court granted appellant's request to reduce the two commercial burglary convictions to misdemeanor petty thefts but denied his motion to dismiss the firearm enhancement.  The trial court's partial grant of relief did not affect the overall length of sentence, as sentence on the two commercial burglary counts was previously stayed.  On appeal, this court affirmed the judgment, but ordered the abstract of judgment modified to strike a one-year prior prison term enhancement in light of new legislation invalidating such enhancements.

In 2022, appellant filed two petitions in the trial court, which are the subject of this consolidated appeal.

First, in January 2022, appellant filed a petition for resentencing seeking the benefit of several new sentencing laws; the petition was denied, as was appellant's motion for reconsideration.  Appellant thereafter filed a notice of appeal which culminated in the first case at issue in this appeal.

2

Second, in July 2022, appellant filed a petition to recall his sentence, invoking Penal Code[1] Section 1171.1 (now § 1172.75), which allows the California Department of Corrections and Rehabilitation to request resentencing on behalf of prisoners who are currently serving terms on convictions that include any invalid one-year prior prison term enhancements. After the trial court denied his petition, appellant filed a notice of appeal which represents the second case in this appeal.

As explained in this decision, the notice of appeal from the first case is untimely, while appellant's appeal in the second case arises out of a petition that lacks any cognizable claim; the trial court had previously struck the prior prison term enhancement in full compliance with this court's directive on remand.

Accordingly, we dismiss this appeal in its entirety.

## BACKGROUND

### A. Procedural History[2]

#### 1. *Conviction and Direct Appeal*

In 2008, a jury convicted appellant of three counts of robbery (§ 211; counts 1, 2, 4) and two counts of commercial

---

[1] All further undesignated statutory references are to the Penal Code.

[2] In light of our disposition in this case, we need not provide a factual summary of the crimes underlying appellant's conviction.

burglary (§ 459; counts 3 and 6), with the finding that he personally discharged a firearm (§ 12022.53, subd. (c)) in counts 4 and 6, and that a principal was armed with a firearm (§ 12022, subd (a)(1)) in counts 1 through 3.  In a bifurcated proceeding, appellant admitted a prior prison term enhancement (§ 667.5, subd. (b)), alleged as to counts 1 through 4.

The trial court sentenced appellant to an aggregate sentence of 28 years, four months in state prison, as follows: The court selected the robbery in count 4 as the base term and imposed the upper term of five years on that count, plus 20 years for the section 12022.53 enhancement.  The court then imposed two consecutive one-year terms for the robberies in counts 1 and 2, plus four months for the section 12022, subd. (a)(1) enhancement.[3]  The court imposed a one-year consecutive term for the section 667.5, subdivision (b) prior prison enhancement in relation to count 2, but struck the enhancement on the other counts.  Finally, the court imposed two-year terms on each of the commercial burglary counts, but stayed imposition of sentence for both counts pursuant to section 654.

In 2009, in an unpublished appellate opinion, we rejected appellant's claim that the evidence was insufficient to support

---

[3]     Although the initial sentence was 29 years, the trial court subsequently issued a correction to reflect that the term on the section 12022(a)(1) enhancement was four months, as opposed to a full year. This correction resulted in a modified aggregate sentence of 28 years and four months.

4

his conviction on counts 1-3 and affirmed the judgment in full. (*People v. Douglas* (June 23, 2009, B211221) [nonpub. opn.] 2009 Cal.App.Unpub.LEXIS 5042.)

### 2. *Post-Conviction Resentencing Petitions and Appeals*

In December 2017, appellant filed a petition under Proposition 47 to reduce his burglary convictions to misdemeanors. After the trial court summarily denied the petition, we remanded for the court to conduct a Proposition 47 hearing. (*People v. Douglas* (Feb. 15, 2019, B288543) [nonpub. opn.] (*Douglas II*).[4] At the hearing, the trial court granted appellant's petition and reduced his commercial burglary convictions to misdemeanor petty thefts. The court sentenced appellant to 180 days on counts 3 and 6 with the terms on both counts (once again) stayed pursuant to section 654, thereby leaving the length of appellant's term unchanged. At the Proposition 47 hearing, appellant also made an oral motion to dismiss the firearm enhancement on his robbery conviction in count 4. (§ 12022.53, subdivision (c).) The court denied the motion.

---

[4] Proposition 47, enacted by California voters in November 2014, reduced certain felony theft-related offenses to misdemeanors and created a procedure to allow defendants who previously suffered felony convictions that are now classified as misdemeanors to petition the trial court "to reduce their convictions to misdemeanors and to resentence them, if they are still serving time on their convictions." (Pen. Code, § 1170.18, subds. (a), (f); *People v. Van Orden* (2017) 9 Cal.App.5th 1277, 1282.)

On appeal, appellant contended the trial court abused its discretion in denying his motion to strike his firearm enhancement and further argued that the matter must be remanded because the trial court was unaware that it could also exercise the option of imposing a lesser, but uncharged, firearm enhancement in lieu of simply dismissing the enhancement. (*People v. Douglas* (June 26, 2020) B300438 [nonpub. opn.] (*Douglas III*).) We rejected both contentions, noting that while there was currently a split in authority on whether a trial court may impose uncharged, lesser enhancements, the only authority on the issue at the time the court ruled on appellant's motion was in favor of such an option. (*Douglas III, supra*, at pp. *6-8.) This, in conjunction with the record of the proceedings, led us to conclude the trial court was aware of the full scope of its discretion and that it properly exercised that discretion. (*Id*. at pp. * 7-8.)

In the same appeal, we also agreed with the parties that in light of newly enacted Senate Bill No. 136 (which restricts imposition of a prior prison enhancement under section 667.5 to prior convictions for a sexually violent offense), the section 667.5 enhancement imposed in appellant's case was no longer valid. (*Douglas, supra*, at p. *8.) However, because the maximum possible sentence was imposed, we found resentencing unnecessary; we therefore struck the 667.5 enhancement and directed the trial court to prepare an amended abstract of judgment reflecting the modification, resulting in a sentence of 27 years, four months. (*Id*. at pp. *8-9.)

6

Appellant filed a petition for review in the California Supreme Court, which granted review on September 16, 2020, with briefing deferred pending the decision in *People v. Tirado*, S257658.  (*People v. Douglas*, S263396 (Sept. 16, 2020) [nonpub. order].)  On April 20, 2022, review was dismissed in light of the California Supreme Court's decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).[5]  (*People v. Douglas*, S263396 (Apr. 20, 2022) [nonpub. order].)  Remittitur issued on May 6, 2022.

## B.    Petitions at Issue in This Appeal

1.    *January 31, 2022, Petition and Reconsideration Motion*

On January 31, 2022, appellant filed a "Petition for Resentencing Pursuant to California Penal Code §§ 1385 and 654" in light of changes made to these two provisions by Senate Bill No. 81, and Assembly Bill No. 518.  Appellant stated he was entitled to the benefit of these new laws because his conviction was not yet final in that (1) his case had been "reopened on appeal" for application of Senate Bill No. 136; and (2) his petition for review was currently pending in the California Supreme Court.

---

[5]    In *Tirado*, the Court held that a trial court's discretion to strike a firearm enhancement under section 12022.53, includes the discretion to impose a lesser uncharged enhancement  (*Tirado, supra*, 12 Cal.5th at p. 693, 700.)

7

On April 14, 2022, the trial court denied the petition. The court concluded appellant's sentence was final and he cannot, therefore, benefit from any of the new laws cited in his petition.

On June 1, 2022, appellant filed a motion for reconsideration of his resentencing petition pursuant to Code of Civil Procedure section 1008. In seeking reconsideration, appellant noted that the remittitur in his appeal was issued on May 26, 2022.[6] Appellant stated that "[s]ince the Court of Appeal struck the one-year prison prior (667.5(b)) petitioner's case was sent back to the trial court for a resentencing hearing, or the court may just correct the sentence and correct the abstract of judgment by removing the one-year prior."

On June 9, 2022, the trial court denied appellant's motion for reconsideration, and ordered the clerk to prepare an amended abstract of judgment deleting the one-year enhancement pursuant to section 667.5(b). The court noted the resulting sentence was now 27 years, four months. On June 10, 2022, a new abstract of judgment was issued reflecting the changes ordered by the trial court.

On June 17, 2022, appellant filed a notice of appeal, purporting to appeal the trial court's June 9, 2022, order denying his motion for reconsideration.

---

[6] Appellant included as an exhibit a copy of a recent letter his attorney sent to the trial court; the letter informed the trial court we had struck the section 667.5 enhancement and noted the remittitur had now issued in the appeal.

2.    *July 8, 2022, Petition*

On July 8, 2022, appellant filed a petition to "Recall Sentence Pursuant to Senate Bill No. 483 and Penal Code Section 1171.1."  Appellant argued that when the trial court struck the section 667.5 enhancement pursuant to this court's directive, it could have also conducted a full resentencing hearing and applied any new laws in favor of appellant during that hearing.  On August 15, 2022, the trial court denied the petition, noting that it had fully complied with this court's directive and no more was required.

On August 29, 2022, appellant filed a notice of appeal from the trial court's order.  This appeal was initially filed under Appeal No. B324140, but subsequently merged into the instant appeal after this court granted appellant's request to consolidate both appeals.

## DISCUSSION

### A.    The Appeal from the January 2022 Petition Is Untimely

To the extent appellant had a right to file a petition in the trial court seeking retroactive application of new statutes to his case, the denial would be appealable as an order after judgment affecting his substantial rights.  (Pen. Code § 1237, subd. (b); see, e.g., *Teal v. Superior Court* (2014) 60 Cal.4th 595, 599-601.)  However, even assuming he had such a right (an issue we do not decide), the notice of appeal is untimely,

9

and we therefore lack jurisdiction over the appeal from this petition.

A criminal defendant seeking to appeal a post-judgment order must file a notice of appeal "within 60 days after . . . the making of the order." (Cal. Rules of Court, rule 8.309(a).) Under the prison-delivery rule, a notice of appeal is deemed filed on the date a prisoner delivers the notice of appeal to prison authorities. (*In re Jordan* (1992) 4 Cal.4th 116, 129 (*Jordan*).) A notice of appeal filed after the 60-day period is "'wholly ineffectual,'" and the appeal must be dismissed for lack of jurisdiction. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094, (*Mendez*); accord, *In re G.C.* (2022) 8 Cal.5th 1119, 1127.)

Here, the trial court denied appellant's January 2022 petition for resentencing on April 14, 2022, and he filed his notice of appeal on June 17, 2022. The notice was signed and dated by appellant on June 14, 2022. Thus, even using the earliest possible date on record (i.e., the signature date) appellant's notice is one day beyond the jurisdictional 60-day window. (*Mendez, supra,* 19 Cal.4th at p. 1094; *People v. Funches* (1998) 67 Cal.App.4th 240, 243.)

In his reply brief, appellant acknowledges that his notice of appeal was filed more than 60 days after the order denying his petition but argues that since he "did not have access to a calendar in state prison, . . . estimating 60 days as two months after April 14, 2022 . . . should be deemed timely filed." However, the notice of appeal is a jurisdictional requirement that "cannot be waived" and ""the appellate court has no power to give relief, but must dismiss the appeal on motion or

on its own motion.""'" (*In re G.C.*, *supra,* 8 Cal.5th at p. 1127; *Mendez*, *supra*, 19 Cal.4th at p. 1094.)

Alternatively, appellant contends that his notice of appeal was timely "because it was filed within 60 days after the judge's order denying the Motion for Reconsideration, so the appeal should proceed." In support of this assertion, appellant cites *Jordan*, *supra*, 4 Cal.4th at p. 129 and *In re J.R.* (1970) 5 Cal.App.3d 597 (*J.R.*). However, neither case supports appellant's position.

In *Jordan*, our high court simply concluded that a defendant's notice of appeal, signed and delivered to prison authorities within the sixty-day period, was timely filed. (*Jordan, supra*, 4 Cal.4th at pp. 120-121, 130.) The notice itself was filed from an underlying criminal judgment with no intervening motion for reconsideration. (*Id.* at pp. 120-121.) As such, *Jordan* is of no help to appellant.

The same holds true with regard to appellant's reliance on *J.R.* In *J.R.*, the appellant had been adjudged a ward of the juvenile court by the presiding referee. Following that order, appellant filed a petition for rehearing under a statutory provision that allows a minor (or a parent or guardian) to file for rehearing within ten days of the referee's order. (*J.R.*, *supra*, 5 Cal.App.3d at pp. 599, 600.) The juvenile court denied the petition for rehearing. (*Id.* at p. 599.) On appeal, the reviewing court concluded that because appellant's petition for rehearing was filed within ten days of the court's original order, the petition effectively tolled the period for appeal until the petition was resolved. Since appellant filed a notice of

appeal 17 days after the juvenile court denied his petition for rehearing, the notice was timely as to the underlying order adjudging him to be a ward of the court. (*Id.* at pp. 600-601.)

Here, in rejecting appellant's reconsideration motion, the trial court stated that while it was unclear whether appellant can utilize section 1008 of the Civil Code of Procedure in a criminal case, section 1008 requires the motion to be filed within 10 days after the relevant order; appellant, however, filed his reconsideration motion six weeks after the trial court denied his resentencing request. We agree with this analysis, and as such, appellant's motion could not toll the period for his appeal.[7] (*J.R.*, *supra*, 5 Cal.App.3d at p. 600.)

Because the notice of appeal cannot be deemed timely filed, this court lacks jurisdiction and the appeal must be dismissed. (*Mendez, supra,* 19 Cal.4th at p. 1094; see also *People v. Funches*, *supra,* 67 Cal.App.4th at p. 243.)

## B. The Court Lacks Jurisdiction to Entertain Appellant's July 8, 2022, Petition

As previously indicated, on July 8, 2022, appellant filed a petition seeking to invoke section 1171.1 (now section 1172.75)[8]

---

[7] We note that appellant provides no argument to suggest his motion for reconsideration, and the order denying it, created any free-standing or independent basis for his appeal.

[8] Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75, with no substantive changes. (Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2 (*Burgess*).)

12

added to the Penal Code by Senate Bill No. 483.  Senate Bill No. 483 is related to Senate Bill No. 136 (applied by this court in appellant's prior appeal) in the following manner:

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Enhancements based on prior prison terms served for other offenses became legally invalid. (*Id.* at p. 682.)  The amendment was to be applied to all cases not yet final on January 1, 2020.  (*Id.* at pp. 681–682.)

Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2020 Reg. Sess.) (Senate Bill 483).  This bill sought to make the changes implemented by Senate Bill 136 retroactive to all persons serving a period of incarceration for the repealed 667.5 enhancements, including those whose cases were final.  (Stats. 2021, ch. 728, § 1.)  The legislation took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Here, the trial court properly denied appellant's petition. First, under section 1172.75, it is the California Department of Corrections that is tasked with the duty of identifying prisoners who qualify for section 1172.5 relief and bringing those prisoners to the attention of the sentencing court. (*Burgess, supra,* 86 Cal.App.5th at pp. 379–381.)  Section 1172.75 does not allow a prisoner, like appellant, to file his

own request for relief. (*Burgess*, *supra*, at pp. 381–382.) Second, in appellant's prior appeal, this court ordered the section 667.5 prior prison term enhancement stricken from the abstract of judgment, and the trial court, as noted in its order denying the instant petition, fully complied with this court's directive. As such, appellant's petition lacks any cognizable basis for relief, leaving us without jurisdiction to entertain its appeal. (*Id.* at pp. 379, 381-82; *People v. King* (2022) 77 Cal.App.5th 629, 639; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

## CONCLUSION

For the reasons discussed above, this consolidated appeal is dismissed in its entirety.[9]

---

[9] To the extent appellant suggest that we treat his submissions to this court as a petition for writ of habeas corpus, we decline to do so. (*People v. Chamizo* (2019) 32 Cal.App.5th 696, 700-701.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                            MORI, J.

We concur:




COLLINS, Acting P. J.




ZUKIN, J.

15